PEOPLE v KAMIN

PEOPLE v AUSTIN

PEOPLE v CARGILL

PEOPLE v HARRISON

Docket Nos. 58693, 58728, 59092, 58980. Argued December 7, 1977
(Calender Nos. 7-10).—Decided February 5, 1979.

The defendants in these cases requested instructions to the jury
on offenses less than the ones charged before the decision
concerning lesser included offenses in *People v Ora Jones,* 395
Mich 379; 236 NW2d 461 (1975).

Keith V. Kamin was convicted by a jury in Wayne Circuit Court,
George T. Martin, J., of breaking and entering. The defendant's
motion to suppress a confession and his request for instructions
to the jury on the lesser offenses of receiving and concealing
stolen property and larceny were denied. The Court of Appeals,
J. H. Gillis, P.J., and T. M. Burns and Van Valkenburg, JJ.,

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 75 Am Jur 2d, Trial §§ 577, 876, 877.

[2, 4, 10-12] 20 Am Jur 2d, Courts §§ 233-236.

Retroactive or merely prospective operation of new rule adopted by
court in overruling precedent-Federal cases. 14 L Ed 2d 992.

United States Supreme Court's view as to retroactive effect of its
own decisions announcing new rules. 22 L Ed 2d 821.

Prospective or retroactive operation of overruling decision. 10
ALR3d 1371.

[3, 6, 8, 9, 11-14, 16-18] 75 Am Jur 2d, Trial §§ 589, 879, 881.

[5, 13] 13 Am Jur 2d, Burglary §§ 1, 40.

50 Am Jur 2d, Larceny §§ 44-46.

[6, 14, 17, 18] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 21, 40.

75 Am Jur 2d, Trial § 877.5.

What constitutes "possession" of narcotic drug proscribed by § 2 of
the Uniform Narcotics Drug Act. 91 ALR 2d 810.

[7] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 21, 22.

[8, 15, 19] 67 Am Jur 2d, Robbery §§ 4, 7, 72, 73.

75 Am Jur 2d, Trial § 876.

Effect of failure or refusal of court, in robbery prosecution, to
instruct on assault and battery. 58 ALR 2d 808.

[9] 67 Am Jur 2d, Robbery §§ 7, 72.

affirmed in a memorandum opinion (Docket No. 24435). Defendant appeals.

Thomas B. Austin was convicted by a jury in Genesee Circuit Court, Donald R. Freeman, J., of delivery of a controlled substance. Defendant alleges that one res gestae witness necessary to the defense was not indorsed on the information or produced at trial by the people. The trial court denied the defendant's request for an instruction to the jury on possession of a controlled substance. The Court of Appeals, T. M. Burns, P.J., and V. J. Brennan and M. F. Cavanagh, JJ., affirmed in an unpublished per curiam opinion (Docket No. 21330). Defendant appeals.

Cleveland Cargill, Jr., was convicted by a jury in Wayne Circuit Court, George T. Martin, J., of armed robbery. The trial court refused the defendant's request for instructions to the jury on the lesser offenses of unarmed robbery; assault with intent to commit robbery while armed, attempt to commit unarmed robbery, larceny from the person, and assault and battery. The Court of Appeals, Quinn, P.J., and Bashara and R. M. Maher, JJ., affirmed in an unpublished per curiam opinion (Docket No. 19902). Defendant appeals.

William G. Harrison was convicted by a jury in Oakland Circuit Court, Arthur E. Moore, J., of delivery of a controlled substance. The trial court refused the defendant's request for instructions to the jury on attempted delivery of a controlled substance, possession of a controlled substance, and the "procuring agent" defense. The Court of Appeals, M. F. Cavanagh and Anderson, JJ. (Bashara, P.J., concurring), reversed (Docket No. 26214). The people appeal. *Held:*

1. It is unnecessary to decide whether the Court's previous decisions announced new rules of law. Analysis of traditional considerations for limiting application of new rules shows that the proper result would be retroactive application of the previous decisions, but the same disposition results if those decisions are found to merely restate or clarify the already existing law. Three factors must be balanced in order to limit the retroactive application of a judicial decision: 1) the purpose of the new rule, 2) general reliance on the old rule and 3) the effect on the administration of justice.

2. A trial court's denial of a proper request for instruction on lesser included offenses exposes a defendant to conviction of a charged offense because the jury may be reluctant to acquit one guilty only of a lesser crime, and conversely increases the possibility that one guilty of a lesser crime may be acquitted. Either result is unnecessary. A trial court's failure to give a

properly requested instruction attacks the very heart of the jury trial system.

3. Whatever the reliance on those appellate decisions which applied a different rule, the impact on the administration of justice of a retroactive application of this rule is relatively insignificant. Pending cases in which trials were concluded and the appellate process initiated prior to the decisions in *Jones* and *Chamblis* number less than 12 in this Court and the Court of Appeals. Further mitigation of any burden on the administration of justice may be effected by remand for resentencing on the lesser included offenses, the prosecutor maintaining the option to retry defendant on the greater offense.

4. Neither receiving and concealing stolen goods nor larceny are necessarily lesser included offenses of breaking and entering. Receiving and concealing and larceny, both cognate lesser included offenses of breaking and entering, are unsupported by the evidence presented at defendant Kamin's trial due to the lack of any proof as to the value of the stolen goods. Proof of value is a necessary element for conviction on either charge. Therefore, defendant Kamin's conviction is affirmed.

5. Possession of a controlled substance may, but need not, be a lesser included offense of unlawful delivery. Defendant Austin was in possession of the controlled substance according to the state's evidence, and therefore the trial court's refusal to deliver the requested instruction on possession was reversible error. Defendant Austin's conviction is reversed and the case is remanded to the trial court for entry of a judgment of conviction of possession of a controlled substance and for resentencing, with an option afforded the prosecutor to retry him on the original charge of delivery of a controlled substance.

6. The trial judge's failure to instruct the jury on attempted delivery in *Harrison* was not erroneous because the statutory definition of delivery under the Controlled Substances Act includes the *attempted* transfer of a controlled substance. In this situation the general criminal attempt statute is inapplicable because it is superseded by the specific coverage of attempt by the definitional language in the Controlled Substances Act. The trial court should have instructed the jury following defendant's request on the cognate lesser included offense of possession. The evidence showed that the defendant was in possession of the controlled substance. Defendant Harrison's conviction is reversed and the case is remanded to the trial court for entry of a judgment of conviction of possession of a controlled substance and for resentencing, with the option

granted the prosecutor to retry him on the original charge of delivery.

7. The trial judge erred in refusing to honor counsel's request in *Cargill* for instructions on robbery unarmed, assault with intent to commit robbery while armed, and attempt to commit robbery unarmed. They are necessarily lesser included offenses of armed robbery. It was also error to refuse instruction on the lesser cognate offense of larceny from the person. However, assault and battery need not have been instructed upon under the Court's previously announced policy, because it is a misdemeanor punishable by less than one year and the charged offense of armed robbery is a felony punishable by more than two years. Defendant Cargill's conviction is reversed and the case is remanded to the trial court for entry of a judgment of conviction of attempt to commit robbery unarmed and for resentencing, with an option afforded the prosecutor to retry him on the original charge of armed robbery.

8. The Court has considered the remaining issues in these appeals and is satisfied that there was no reversible error in connection with them.

Conviction affirmed in *Kamin.* Convictions reversed in *Austin, Harrison* and *Cargill,* and cases remanded for further proceedings.

Justice Moody, with Chief Justice Coleman concurring, would apply the decision in *Ora Jones* prospectively:

1. The general rule is that a court is neither required to apply, nor prohibited from applying, a decision retrospectively. Determining whether a new rule of law should apply retroactively, or prospectively only, should take into account: 1) the purpose of the new rule, 2) general reliance on the old rule, and 3) the effect on the administration of justice.

2. Prior law on lesser included offenses has not been clear or consistent. One of the better statements of the prior law was that if evidence has been presented to support a conviction of the lesser offense, the requested instructions must be given. If, on the other hand, *no evidence* has been presented to support a conviction of the lesser offense, then the requested instruction should be refused. The effect of this no-evidence rule was to vest a high degree of discretion in the trial judge. Because reasonable minds could differ as to whether there was evidence on the record to support conviction on a lesser offense, abuse of discretion and uncertainty of the law often led to reversal on appeal.

3. The decision in *Ora Jones* was a drastic change in proce-

dure: an entire area of the lesser included offense theory ("necessarily included" offenses) was removed from the discretion of the trial court. The rule announced in *Ora Jones* was a fundamental change in the law regarding lesser included offenses and should be applied prospectively. The decision did not so much reflect on the fundamental fairness of the trial process as it removed an element of discretion from the trial court and gave it to the jury as a part of their power to dispense mercy.

4. There is little doubt that trial courts relied on the former statement of the law. It makes no sense at all to hold trial courts to instructional standards that could not have been anticipated. If trial courts are to be effectively guided by appellate pronouncements, a rational dependence on the decisions currently in effect must be encouraged. Further, it would be questionable to conclude that the impact on the administration of justice, by giving retroactive effect to *Ora Jones,* would be limited to 12 cases in the appellate process. If this decision were to give it retroactive effect, there is little doubt that creative counsel for the defense would find methods to bring cases tried long before December 18, 1975, into the appellate process. Therefore, this Court's decision in *Ora Jones* applies prospectively to cases tried and convictions rendered after December 18, 1975.

5. The evidence adduced at trial in *Kamin* showed a completed breaking and entering, positive identification of defendant as the intruder, and defendant in possession of the stolen goods. No evidence was presented as to the value of the goods stolen. Since an essential element for both receiving and concealing stolen goods and larceny is proof as to the value of the stolen goods, the trial court did not err in failing to give the requested instructions. Defendant Kamin's conviction should be affirmed.

6. A review of the evidence in *Austin* clearly shows that the trial court abused its discretion by failing to instruct on the lesser included offense of possession, because some evidence supported that lesser offense. Defendant Austin's conviction should be reversed and the case remanded to the trial court for entry of a judgment of conviction of possession of a controlled substance and for resentencing, with an option afforded the prosecutor to retry defendant Austin on the original charge of delivery of a controlled substance.

7. There was no error in the trial court's failure to instruct on attempted delivery in *Harrison.* The Controlled Substances Act includes in its definition of delivery the *attempted* transfer of a controlled substance. Because the Controlled Substances

Act has specifically included attempt in its definition of delivery, the general criminal attempt statute does not apply. However, the record does show evidence to support a charge of unlawful possession of a controlled substance. The decision of the Court of Appeals should be affirmed insofar as it is consistent with this opinion. Defendant Harrison's conviction should be reversed and the case remanded to the trial court for entry of a judgment of conviction of possession of a controlled substance and for resentencing, with the option granted the prosecutor to retry defendant on the original charge of delivery.

8. In *Cargill* the record shows evidence to support charges on at least two of the lesser included offenses, namely, assault with intent to commit robbery while armed and larceny from the person. Defendant Cargill's conviction should be reversed and the case remanded to the trial court for entry of a judgment of conviction of larceny from the person and for resentencing, with an option afforded the prosecutor to retry defendant on the original charge of armed robbery.

Justice Ryan agreed with Justice Moody that *Ora Jones* marked a fundamental change in the law of lesser included offenses and should be applied prospectively. He wrote separately because he disagreed with Justice Moody's interpretation and application of the "no evidence" rule. Under the standards of that rule, in effect at the time, the trial judges did not abuse their discretion in failing to give the requested instructions.

1. The "no evidence" standard is that the lesser offense must be included within but not, on the facts of the case, be completely encompassed by the greater. A lesser included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser included offense. Entitlement to a charge on a lesser included offense largely turns on whether, on view of the evidence favorable to the defendant, there is evidence which would justify the jury in concluding that the greater offense was not committed and a lesser included offense was committed.

2. In each of these cases the trial court properly exercised its discretion in refusing to instruct on the requested lesser included offenses: In *Kamin,* no evidence was presented of the value of the stolen goods, an essential element of receiving and concealing stolen goods as well as of larceny. In *Austin,* the factual issues to be resolved were the same as to both possession and delivery of heroin, and therefore an instruction on the lesser offense was not proper. In *Harrison,* the specific language of the Controlled Substances Act covering attempted deliveries

supersedes and thus renders inapplicable the general attempt statute, and the refusal to instruct on attempt was correct. With respect to the instruction on possession, there was no evidence on the record which would justify the jury in concluding that the greater offense, delivery, was not committed while the lesser offense, possession, was committed. There was no dispute in the testimony as to whether the defendant merely possessed opium or whether he sold it. In *Cargill,* evidence presented at trial was conclusive of the completed offense of robbery armed. The defense was alibi, and the only question for the jury to pass upon was whether the defendant was one of the men present and participating in the commission of the crime. This factual issue was the same as to both the lesser and greater offenses, and accordingly there was no evidence which would justify the jury in concluding that the greater offense was not committed and the lesser included offenses were committed.

## OPINION OF THE COURT

1. CRIMINAL LAW — INCLUDED OFFENSES — INSTRUCTIONS TO JURY.

A defendant has a right upon request to have the jury instructed on necessarily included offenses of the crime charged, and a right upon request to instructions on those cognate lesser included offenses which are supported by evidence in the record.

2. CRIMINAL LAW — COMMON LAW — RETROACTIVE APPLICATION.

Three factors must be balanced in order to limit the retroactive application of a judicial decision: (1) The purpose of the new rule; (2) general reliance on the old rule; (3) the effect on the administration of justice.

3. CRIMINAL LAW — INSTRUCTIONS TO JURY — INCLUDED OFFENSES.

Failure to give a properly requested instruction to the jury in a criminal case attacks the very heart of the jury trial system; denial of a proper request for instructions on lesser included offenses exposes a defendant to conviction on a charged offense because the jury may be reluctant to acquit one guilty only of a lesser crime, and conversely increases the possibility that one guilty of a lesser crime may be acquitted.

4. CRIMINAL LAW — INSTRUCTIONS TO JURY — INCLUDED OFFENSES — RETROACTIVE APPLICATION.

A decision of the Supreme Court requiring that instructions to the jury be given on necessarily included offenses upon request,

and on cognate lesser included offenses upon request when supported by the evidence, even if it be regarded as a new rule rather than a restatement or clarification of existing law, must be applied retroactively because it was concerned with the constitutionally guaranteed right to trial by jury and because upon analysis it is found that the impact of the retroactive application of the rule on the administration of justice is relatively insignificant.

5. BURGLARY — INCLUDED OFFENSES — ELEMENTS OF CRIME.

Neither receiving and concealing stolen goods nor larceny are necessarily included offenses of breaking and entering; proof of the value of the goods stolen is a necessary element for conviction on either of the former charges which is not necessary for a conviction of breaking and entering (MCL 750.110; MSA 28.305).

6. DRUGS AND NARCOTICS — UNLAWFUL DELIVERY — INCLUDED OFFENSES — POSSESSION — INSTRUCTIONS TO JURY.

Possession of a controlled substance may, though need not, be a lesser included offense of unlawful delivery; refusal to instruct the jury on the offense of possession in a trial for unlawful delivery, when the state's evidence shows the defendant in possession, is reversible error (MCL 335.341; MSA 18.1070[41]).

7. DRUGS AND NARCOTICS — CONTROLLED SUBSTANCES — UNLAWFUL DELIVERY — INCLUDED OFFENSES — ATTEMPT.

The general attempt statute is inapplicable to delivery of a controlled substance because the statutory definition of delivery in the Controlled Substances Act includes attempted transfer of a controlled substance (MCL 335.304, 750.92; MSA 18.1070[4], 28.287).

8. ROBBERY — ARMED ROBBERY — INCLUDED OFFENSES.

Unarmed robbery, assault with intent to commit robbery while armed, and attempt to commit robbery unarmed are necessarily included offenses of armed robbery, and it is error to refuse requests for instructions on them in a trial for armed robbery (MCL 750.529; MSA 28.797).

9. ROBBERY — ARMED ROBBERY — INCLUDED OFFENSES.

Larceny from the person is a cognate lesser included offense of armed robbery, and it is error to refuse a request for an instruction on it which is supported by the record evidence in a trial for armed robbery (MCL 750.529; MSA 28.797).

DISSENTING OPINION BY BLAIR MOODY, JR., J.

10. CRIMINAL LAW — COMMON LAW — RETROACTIVE APPLICATION.

The general rule in deciding whether a new rule of law should be given retroactive or prospective operation is that the Court is neither required to apply, nor prohibited from applying, a decision retrospectively, but must weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.

11. CRIMINAL LAW — INCLUDED OFFENSES — INSTRUCTIONS TO JURY — "NO EVIDENCE" RULE.

The decision of the Supreme Court which divided lesser included offenses into two categories, "necessarily included" offenses upon which an instruction to the jury must be given on request, and "cognate" included offenses upon which a requested instruction must be given when supported by the evidence, was a fundamental change in the law of lesser included offenses because it removed the entire area of necessarily included offenses from the discretion of the trial court, and should be applied prospectively.

12. CRIMINAL LAW — INSTRUCTIONS TO JURY — INCLUDED OFFENSES — DISCRETION.

Cases in which trial courts refused requests to instruct the jury on lesser included offenses before the decision of the Supreme Court requiring the giving of requested instructions on necessarily included offenses must be decided on the law in effect at the time, that is, whether failing to give the instructions was an abuse of discretion.

13. BURGLARY — INCLUDED OFFENSES — ELEMENTS OF CRIME.

Proof of value of the stolen goods is an essential element for conviction, both of receiving and concealing stolen goods and of larceny, and failure to give requested instructions to the jury on these crimes in a trial for breaking and entering was not error where there was no evidence presented of the value of the goods stolen (MCL 750.110; MSA 28.305).

14. DRUGS AND NARCOTICS — CONTROLLED SUBSTANCES — DELIVERY — INCLUDED OFFENSES — POSSESSION.

Failure to instruct the jury on the included offense of possession of a controlled substance in a trial for delivery of a controlled substance was an abuse of discretion where some evidence supported conviction of the lesser offense.

15. ROBBERY — ARMED ROBBERY — INCLUDED OFFENSES.

*Failure in a trial for armed robbery to instruct the jury on lesser included offenses was error where there was evidence to support charges on at least two of the offenses, assault with intent to commit robbery while armed and larceny from the person.*

OPINION BY RYAN, J.

16. CRIMINAL LAW — INCLUDED OFFENSES — INSTRUCTIONS TO JURY — "NO EVIDENCE" RULE.

*The "no evidence" rule for determining whether a defendant is entitled to instructions to the jury on lesser included offenses is that the lesser offense must be included within but not, on the facts of the case, be completely encompassed by the greater; a lesser included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser included offense.*

17. DRUGS AND NARCOTICS — CONTROLLED SUBSTANCES — DELIVERY — INCLUDED OFFENSES — POSSESSION.

*Refusal to instruct the jury on possession in a trial for delivery of a controlled substance was not error where the only factual dispute was whether or not the defendant was at the scene of the delivery and there was no evidence that would justify the jury in concluding that the greater offense of delivery was not committed and a lesser offense of possession was committed.*

18. DRUGS AND NARCOTICS — CONTROLLED SUBSTANCES — DELIVERY — INCLUDED OFFENSES — POSSESSION.

*Refusal to instruct the jury on possession in a trial for delivery of a controlled substance was not error where there was no dispute in the testimony as to whether the defendant merely possessed opium or whether he sold it, and thus no evidence on the record which would justify the jury in concluding that the greater offense, delivery, was not committed while the lesser offense, possession, was committed.*

19. ROBBERY — ARMED ROBBERY — INCLUDED OFFENSES — INSTRUCTIONS TO JURY.

*Failure to instruct the jury on lesser included offenses in a trial for armed robbery was not error where the evidence was conclusive of the completed offense of robbery armed, the defense was alibi, and the only question for the jury to pass upon was whether the defendant was one of the men present and participating in the commission of the crime, a factual*

*issue which was the same for both the lesser and greater offenses.*

*Frank J. Kelley,* Attorney General, and *Robert A. Derengoski,* Solicitor General, for the people.

*William L. Cahalan,* Prosecuting Attorney, and *Edward Reilly Wilson,* Principal Attorney, Appeals, for the people in *Kamin* and *Cargill.*

*Larry L. Roberts,* Assistant Prosecuting Attorney, for the people in *Kamin.*

*Andrea L. Solak,* Assistant Prosecuting Attorney, for the people in *Cargill.*

*Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Joel B. Saxe,* Senior Assistant Prosecuting Attorney, for the people in *Austin.*

*L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *James L. McCarthy,* Assistant Appellate Counsel, for the people in *Harrison.*

*John Cesare Franco* for defendant Kamin.

*Green & Moon, P.C.* (by *Mark C. McCabe* and *Barry L. Moon),* for defendant Austin.

*Kenneth M. Mogill* and *Marjory B. Cohen* for defendant Cargill.

*Howard S. Siegrist* for defendant Harrison.

KAVANAGH, J. Four cases were consolidated on appeal in order to resolve a question common to all: should the trial court have granted defendant's

request for jury instructions on lesser included offenses?

Pursuant to *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), and *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975), it is clear that a defendant has a right upon request to have the jury instructed on necessarily included offenses.[1] Further, a defendant has a right upon request to jury instructions on those cognate lesser included offenses which are supported by record evidence.

The automatic instruction rule[2] for necessarily lesser included offenses removed the need for the trial judges to review the record in order to determine whether or not there is evidence to support a verdict on the lesser offense. Review of the record for evidentiary support is now in order only when the defense requests that the jury be instructed on a cognate lesser included offense.

We decided *Ora Jones* and *Chamblis* on December 18, 1975. The four instant cases involve trials which were commenced and concluded prior to December 18, 1975.

In each case here the prosecutor asks that we limit the application of *Ora Jones* and *Chamblis* to trials begun after December 18, 1975. The request is based on the claim that *Jones* and *Chamblis* announced new rules of law that should be given prospective effect only. We find that contention without merit. In *People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976), without discussing the retroactivity issue, we found *Jones/Chamblis* error and reversed a conviction entered prior to our decision

---

[1] There is one exception to the "request" requirement in the case of first-degree murder. The judge is bound, without regard to a defense request, to instruct the jury on second-degree murder. *People v Jenkins,* 395 Mich 440; 236 NW2d 503 (1975).

[2] This approach was recommended by B. J. George in *Lesser Included Offenses in Michigan,* 1975 DCL Rev 35, 40.

in *Jones* and *Chamblis*. See *People v Lank Thomas*, 399 Mich 826; 249 NW2d 867 (1977); *People v Bills*, 396 Mich 819; 238 NW2d 803 (1976); *People v Dates*, 396 Mich 820; 238 NW2d 360 (1976); *People v Archie Smith*, 396 Mich 825; 238 NW2d 536 (1976); *People v Aaron*, 396 Mich 843; 239 NW2d 602 (1976); *People v Watson*, 396 Mich 870 (1976); *People v Delvin Jones*, 397 Mich 871 (1976).

Moreover, in *People v Jenkins*, 395 Mich 440; 236 NW2d 503 (1975), a companion case released with *Jones* and *Chamblis*, we limited to prospective application our holding that a second-degree murder instruction was to be given *sua sponte* at every murder trial.

Noteworthy also is that the Court of Appeals, with few exceptions, has applied the lesser instruction rules retroactively in disposing of a large number of pre-*Jones/Chamblis* appeals. *People v Bryant*, 80 Mich App 428, 434-435; 264 NW2d 13 (1978).

At this juncture, we believe it is unnecessary to decide whether *Jones* and *Chamblis* announced new rules of law. Analysis of traditional considerations for limiting application of new rules convinces us that our decision in the instant cases would be retroactive application of *Jones* and *Chamblis*, the same disposition which obviously results from a determination that the already existing law has been merely restated or clarified.

Three factors must be balanced in order to limit the retroactive application of a judicial decision: (1) The purpose of the new rule, (2) general reliance on the old rule and (3) the effect on the administration of justice.

In deciding *Ora Jones* and *Chamblis* this Court was concerned with a defendant's constitutionally

guaranteed right to trial by jury. We noted that a trial court's denial of a proper request for instruction on lesser included offenses exposes a defendant to conviction on a charged offense because the jury may be reluctant to acquit one guilty only of a lesser crime. Conversely, a trial court's refusal to instruct increases the possibility that one guilty of a lesser crime may be acquitted. Either result is unnecessary. We believe a trial court's failure to give a properly requested instruction attacks the "very heart of our jury trial system". *People v Hampton,* 384 Mich 669, 676; 187 NW2d 404, 406 (1971).

We address the second and third considerations together. Whatever the reliance on those appellate decisions which applied a different rule, we find the impact of a retroactive application of this rule to be relatively insignificant on the administration of justice.

Analysis of records in this Court and the Court of Appeals indicate that those pending cases in which trials were concluded and the appellate process initiated prior to our decision in *Jones* and *Chamblis* number less than 12. Therefore, no more than 12 cases could, at the outset, require reversal and retrial as a consequence of our disposition in the instant matter. Further mitigation of any burden on the administration of justice may be effected by remand for resentencing on the lesser included offenses, the prosecutor maintaining the option to retry defendant on the greater offense.

## *Kamin*

Defendant Kamin was arrested December 23, 1974, and charged with breaking and entering of an unoccupied dwelling, MCL 750.110; MSA 28.305. After being taken to the station, Kamin

alleges he was told that the charges would be dropped and he would be given a lighter sentence if he would confess. Thereafter, Kamin did sign a statement and arranged for the return of certain stolen property. At trial, defendant moved to suppress the confession as improperly obtained. Following a *Walker* hearing, this motion was denied by the trial court. Defendant subsequently moved that the jury be charged on lesser included offenses of receiving and concealing stolen property and larceny. This motion was also denied. On March 4, 1975, defendant was found guilty of breaking and entering and was sentenced to 5 to 10 years in prison. On appeal, the Court of Appeals affirmed July 15, 1976.

The evidence presented by the prosecution established a completed breaking and entering, positive identification of defendant as the intruder by a neighbor, and defendant in possession of the stolen goods. Defendant entered a plea of not guilty and did not testify at trial.

Neither receiving and concealing stolen goods nor larceny are necessarily lesser included offenses of breaking and entering. Receiving and concealing, a cognate lesser included offense of breaking and entering, is unsupported by the evidence presented at this trial due to the lack of any proof as to the value of the stolen goods. Proof of value is a necessary element for conviction on that charge.

Larceny, a cognate lesser included offense of breaking and entering, is also unsupported by the evidence presented at defendant Kamin's trial, for the same reason that there is an absence of proof on the necessary element of value of the goods stolen.

We therefore affirm defendant's conviction.

*Austin*

Defendant Austin was charged with the unlawful delivery of heroin on June 20, 1973, in violation of MCL 335.341; MSA 18.1070(41). The complaint against him, however, was not filed until September 17, 1973. Defendant alleges, *inter alia,* that a res gestae witness necessary to his defense, "Marie", was not indorsed and produced by the people. He also claims the trial court erred in refusing to instruct the jury on the charge of unlawful possession of a controlled substance. On June 7, 1974, defendant was convicted and sentenced to 7 to 20 years in prison. The Court of Appeals affirmed February 6, 1976.

At trial, an undercover police officer, the prosecutor's chief witness, testified that he purchased heroin from the defendant in the presence of several other people including Larry Mills, Rose Spurlock, and another woman, Marie. Another police officer corroborated the undercover officer's testimony in part because he had the chief prosecution witness under surveillance and was therefore able to place him in the location of the drug transfer on the evening in question. Larry Mills, a long-time friend of defendant Austin, confessed on the stand, testifying that Marie sold the heroin to him and the undercover officer and that defendant Austin was not present at the time. The defendant did not take the stand at trial.

Our case law makes it clear that possession of a controlled substance may, though need not, be a lesser included offense of unlawful delivery. *People v Syed,* 394 Mich 105; 229 NW2d 1 (1975); *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976). In *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977), this Court stated:

"In a given case, sale may be found without posses-

sion. Likewise, possession may be determined without sale. * * *" 400 Mich 540, 548.

In the instant matter, defendant was in possession of the controlled substance according to the state's evidence, and therefore the trial court's refusal to deliver the requested instruction on possession was reversible error.

We reverse defendant's conviction and remand to the trial court for entry of a judgment of conviction of possession of a controlled substance and resentencing, with an option afforded the prosecutor to retry defendant on the original charge of delivery of a controlled substance.

## Harrison

Defendant Harrison was charged with the unlawful delivery of opium on August 23, 1974, in violation of MCL 335.341; MSA 18.1070(41). At the conclusion of testimony, defendant requested the jury be instructed on attempted delivery of a controlled substance, and possession of a controlled substance. These instructions were refused by the trial court. Thereafter, defendant was convicted and sentenced to 2 to 20 years in prison. On appeal, the Court of Appeals reversed September 8, 1976, for failure to give the requested instructions.

Testimony during the course of trial established that a drug addict, Lilla Churchill, acting as a police agent, arranged for a sale of opium from a person named "Cameron" to take place in the presence of police officers in a parking lot. Instead of "Cameron", the defendant Harrison appeared with opium and transacted the sale with an undercover police agent accompanied by agent Lilla Churchill. Once the transaction was completed and

the money counted, other officers arrived and arrested Harrison. Defendant's rendition of the circumstances surrounding the delivery differed. Harrison testified that he happened to be present at Cameron's place when Lilla Churchill, advised that Cameron was unable to procure a ride in order to meet her, arranged for Harrison to deliver the opium to her. Defendant testified that he realized no profit on this transaction and had never before been involved with Cameron in the sale or delivery of drugs. At the end of trial defense counsel requested that the trial judge instruct the jury on the lesser included offenses of attempted delivery and possession.

We find no error in the trial judge's failure to instruct the jury on attempted delivery because the statutory definition of delivery under the Controlled Substances Act, MCL 335.304; MSA 18.1070(4) includes "the actual, constructive or *attempted* transfer from 1 person to another of a controlled substance". (Emphasis added.) In this situation Michigan's general attempt statute, MCL 750.92; MSA 28.287, is inapplicable because it is superseded by the specific coverage of attempt by the definitional language in the Controlled Substances Act, MCL 335.304; MSA 18.1070(4).

The trial court should have instructed the jury following defendant's request on the cognate lesser included offense of possession.

The evidence introduced by both the state and the defendant showed defendant in possession of the controlled substance. We reverse defendant's conviction and remand to the trial court for entry of a judgment of conviction of possession of a controlled substance and resentencing, with the option granted the prosecutor to retry defendant on the original charge of delivery.

*Cargill*

Defendant Cargill was charged with the armed robbery of a grocery store in violation of MCL 750.529; MSA 28.797. At the conclusion of testimony, defendant requested the jury be charged on lesser included offenses. This request was denied by the trial court. Thereafter, defendant was convicted and sentenced to 5 to 15 years in prison. On appeal, the Court of Appeals affirmed February 18, 1975. Defendant moved for a new trial in circuit court, which was denied.

The proofs taken at trial established that two men entered a grocery store at closing time and at gunpoint took approximately $750. There were three witnesses. Each witness was shown a number of photographs and each identified the defendant. At trial, defense counsel objected to introduction of the identification evidence on the basis that it showed that defendant may have had a prior criminal record. The trial court overruled the objection pursuant to the prosecutor's response that the objection was untimely. On appeal, the defense asserts that the identification procedures were suggestive.

Defendant, testifying on his own behalf, presented an alibi defense which was corroborated by his girlfriend. At the close of trial defense counsel requested instructions on the lesser offenses of robbery unarmed, assault with intent to commit robbery while armed, attempt to commit robbery unarmed, larceny from the person, and assault and battery. The trial judge denied the requests because there was no evidence on the record to support conviction on the lesser offenses.

The trial judge erred in refusing to honor defense counsel's request for instructions on robbery

unarmed, assault with intent to commit robbery while armed, and attempt to commit robbery unarmed. They are necessarily lesser included offenses of armed robbery, the crime with which defendant was charged. It was also error to refuse instruction on the lesser cognate offense of larceny from the person.

Assault and battery need not have been instructed upon in the instant matter under the policy we announced in *Chamblis, supra,* 429. Because it is a misdemeanor punishable by less than one year and the charged offense of armed robbery is a felony punishable by more than two years it was not error for the trial court to have refused instruction on the charge.

We reverse defendant's conviction and remand to the trial court for entry of a judgment of conviction of attempt to commit robbery unarmed and resentencing, with an option afforded the prosecutor to retry defendant on the original charge of armed robbery.

Upon request, the following issues were heard in the respective cases:

*Kamin:* Did the trial judge improperly deny defendant's motion to suppress a signed confession which defendant claims was induced with a promise of leniency?

*Austin:* I. Did the trial judge err in denying defendant's pretrial motion to quash the information due to an 89-day delay between the alleged commission of the crime and the day of his arrest?

II. Did the trial court err in denying defendant's motion to indorse an uncharged accomplice?

III. Did the trial judge abuse his discretion when he denied defendant's request for continuance following the indorsement of two res gestae witnesses on the first day of trial?

*Cargill:* I. Defendant argues for the first time on appeal that the prosecutor improperly cross-examined one of the alibi witnesses and made prejudicial comments concerning the defendant during his closing argument.

II. Defendant, also for the first time on appeal, alleges that the pretrial photo identification procedures were impermissibly suggestive.

We have carefully considered the briefs and arguments on these issues and are satisfied that there was no reversible error in connection with them.

WILLIAMS, LEVIN, and FITZGERALD, JJ., concurred with KAVANAGH, J.

BLAIR MOODY, JR., J. *(against retroactive application).* We granted leave to appeal and consolidated the following four cases: *People v Kamin,* 399 Mich 869 (1977); *People v Austin,* 399 Mich 869 (1977); *People v Harrison,* 399 Mich 870 (1977); *People v Cargill,* 399 Mich 870 (1977).

Each of these cases involves the failure of a trial judge to give a requested jury instruction on lesser included offenses. The common issue presented is whether the decision of this Court in *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), which was decided on December 18, 1975, and involved jury instructions for lesser included offenses, should be given retroactive effect to trials commenced and completed prior to December 18, 1975.

## FACTS

### *Kamin*

Defendant Kamin was arrested on December 23, 1974, and charged with breaking and entering an unoccupied dwelling, MCL 750.110; MSA 28.305.

Defendant alleges that after he was taken to the police station he was promised that the charges would be dropped or he would receive a lighter sentence if he confessed. Defendant then signed a statement and arranged for the return of certain stolen property.

Prior to trial, at a *Walker* hearing, defendant moved for suppression of the confession as improperly obtained. The motion was denied by the trial court. At trial, defendant moved that the jury be charged on the lesser included offenses of receiving and concealing stolen property and larceny. This motion was also denied. On March 4, 1975, defendant was found guilty of breaking and entering and was sentenced to five to ten years in prison. The Court of Appeals affirmed defendant's conviction on July 15, 1976.

*Austin*

On September 17, 1973, a warrant was issued and defendant Austin was arrested and charged with the unlawful delivery of heroin in violation of MCL 335.341; MSA 18.1070(41). Since the alleged date of the heroin delivery was June 20, 1973, and the warrant did not issue until September 17, defendant alleges he was denied due process because of the undue delay. Additionally, defendant claims that a res gestae witness necessary to his defense was not indorsed and produced by the people. At his trial, defendant requested the jury be instructed on the charge of unlawful possession of a controlled substance. Defendant's request was denied, and on June 7, 1974, defendant was convicted of delivery of heroin. He was sentenced to 7 to 20 years in prison. The Court of Appeals affirmed on February 6, 1976.

*Harrison*

Defendant Harrison was charged with the un-

lawful delivery of opium on August 23, 1974, in violation of MCL 335.341; MSA 18.1070(41). At trial, defendant requested the trial court to instruct the jury on the lesser included offenses of attempted delivery of a controlled substance and possession of a controlled substance. The trial court refused the requests. On December 13, 1974, defendant was found guilty of the offense of delivery of a controlled substance. He was sentenced to 2 to 20 years in prison. On September 8, 1976, the Court of Appeals reversed defendant's conviction because the trial court failed to give the requested instructions. 71 Mich App 226; 247 NW2d 360 (1976).

*Cargill*

Defendant Cargill was arrested and charged with armed robbery, MCL 750.529; MSA 28.797. Defendant was identified by the three witnesses to the armed robbery after each was shown a number of photographs by the police. No objection was made by defense counsel to the identification procedures prior to trial. At trial, when defendant objected to the introduction of identification evidence as unduly suggestive, the objection was overruled as being untimely. At the close of trial, defendant moved that the jury be instructed on the lesser offenses of robbery unarmed, assault with intent to commit robbery while armed, attempt to commit robbery unarmed, larceny from the person, and assault and battery. The motion was denied. Defendant was convicted of armed robbery on October 16, 1973, and sentenced to 5 to 15 years in prison. The Court of Appeals affirmed on February 18, 1975.

## DISCUSSION

The question presented, whether a new rule of

law should be given retroactive or prospective application, is one which has beset this Court and others for years. The general rule as enunciated by the United States Supreme Court in *Linkletter v Walker,* 381 US 618, 629; 85 S Ct 1731; 14 L Ed 2d 601 (1965), is as follows:

> "[W]e are neither required to apply, nor prohibited from applying, a decision retrospectively, we must * * * weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation."

The essence of the *Linkletter* position was adopted by this Court in *People v Hampton,* 384 Mich 669; 187 NW2d 404 (1971).[1]

Although *Linkletter* involved the question of retroactive application of a constitutional principle of law, it does give us some guidance in determining whether in a statutory or procedural context a new rule of law should apply retroactively or prospectively only. The *Linkletter* Court delineated three key factors to be taken into account: (1) the purpose of the new rule; (2) general reliance on the old rule; and (3) the effect on the administration of justice. *Linkletter, supra,* 629-640; *Hampton, supra,* 674.

In examining the purpose of the new rule announced in *Ora Jones,* it is essential to look at the state of the law prior to that decision.[2] As this

---

[1] Justice SWAINSON, writing for the Court in *Hampton,* said:

"[T]his Court is under no constitutional compulsion to apply the * * * [new] rule, either prospectively or retrospectively." *Hampton, supra,* 674.

[2] For a full discussion of Michigan law on lesser included offenses prior to this Court's decision in *Ora Jones,* see Koenig, *The Many-Headed Hydra of Lesser Included Offenses: A Herculean Task for the Michigan Courts,* 1975 DCL Rev 41.

Court noted in *Ora Jones,* prior Michigan law on lesser included offenses "has not been clear or consistent". *Ora Jones, supra,* 386. Within this confusing tableau, one of the better expositions of Michigan law was found in *People v Stevens,* 9 Mich App 531, 533-534; 157 NW2d 495 (1968) *lv den* 381 Mich 769 (1968):

"Where a request has been made to charge on a lesser included offense, the duty of the trial judge is determined by the evidence.

"If evidence has been presented to support a conviction of the lesser offense, the requested instructions must be given; failure to do so would constitute error. If, on the other hand, *no evidence* has been presented to support a conviction of the lesser offense, then the requested instruction should be refused." (Emphasis added.) (Citations omitted.)

The effect of this so-called "no evidence" rule was to vest a high degree of discretion in the trial judge.[3] Because reasonable minds could differ as to whether there was evidence on the record to support conviction on a lesser offense, abuse of discretion and uncertainty of the law often led to reversal on appeal.

This Court in *Ora Jones* made a sweeping change in the rule regarding lesser included offenses. Lesser included offenses were divided into two categories, those "necessarily included" and "cognate" lesser offenses. The Court said:

"If the lesser offense is one that is necessarily included within the greater, the evidence will always support the lesser if it supports the greater.

---

[3] See George, *Lesser Included Offenses in Michigan,* 1975 DCL Rev 35, 38. It is the author's contention that when a trial court errs in failing to give an instruction on a lesser included offense, the error should be viewed as an abuse of discretion rather than an impairment of the right to jury trial.

"In the area of 'cognate' lesser offenses, the evidence in each case adduced at the particular trial must be examined to determine whether that evidence would support a conviction of the lesser offense." *Ora Jones, supra,* 390.

This was a dramatic change in procedure as an entire area of the lesser included offense theory was removed from the discretion of the trial court.[4]

Because we view the purpose of the rule announced in *Ora Jones* as a fundamental change in the law regarding lesser included offenses, we are compelled to conclude that such a rule should be applied prospectively. *Ora Jones* did not so much reflect on the fundamental fairness of the trial process as it removed an element of discretion from the trial court and gave an additional fact finding alternative to the jury as a part of their mercy-dispensing powers.

Our holding in this case is further buttressed when the other elements of the *Linkletter* test are taken into consideration. There is little doubt that trial courts relied on the former statement of the law. This is graphically illustrated by an earlier decision of this Court, *People v Rich,* 397 Mich 399; 245 NW2d 24 (1976). In *Rich,* this Court refused retroactive application of a jury instruction on the defense of intoxication and specific intent because of the marked effect on the administration of justice in view of the profound reliance on the old rule. Justice FITZGERALD, speaking for a unanimous Court, stated succinctly:

---

[4] For a further discussion of what the authors view as the radical change in Michigan law regarding lesser included offenses, see Atkinson, *1977 Annual Survey of Michigan Law: Criminal Law,* 24 Wayne L Rev 421, 428-430 (1978); Corrigan & Grano, *1976 Annual Survey of Michigan Law: Criminal Law,* 23 Wayne L Rev 473, 494-504 (1977).

"It makes no sense at all to hold trial courts to instructional standards that could not have been anticipated."

\* \* \*

"[I]f trial courts are to be effectively guided by our appellate pronouncements, a rational dependence on our decisions currently in effect must be encouraged." *Rich, supra,* 404-405.

Further, it would be questionable to conclude that the impact on the administration of justice, by giving retroactive effect to *Ora Jones,* would be limited to 12 cases in the appellate pipeline. If our decision were to give retroactive effect, there is little doubt that creative counsel for the defense would find methods to bring cases tried long before December 18, 1975, into the appellate process.

For these reasons we hold that this Court's decision in *Ora Jones* applies prospectively to cases tried and convictions rendered after December 18, 1975.

## Application

Our discussion cannot end here. We must decide, based on the law in effect at the time, whether the trial courts in the consolidated cases abused their discretion in failing to give the instructions on lesser included offenses.

In *Kamin,* defendant was charged with breaking and entering but sought instructions on receiving and concealing stolen goods and larceny. The evidence adduced at trial showed a completed breaking and entering, positive identification of defendant as the intruder, and defendant in possession of the stolen goods. No evidence was presented as to the value of the goods stolen. Since an essential

element of a conviction for both receiving and concealing stolen goods and larceny is proof as to the value of the stolen goods, the trial court did not err in failing to give the requested instructions.

We, therefore, affirm defendant Kamin's conviction.

In *Austin,* defendant was charged with unlawful delivery of heroin but sought an instruction on possession of a controlled substance. Our review of the evidence clearly shows that the trial court abused its discretion by failing to instruct on the lesser included offense of possession, as some evidence supported that lesser offense.

We, therefore, reverse defendant Austin's conviction and remand to the trial court for entry of a judgment of conviction of possession of a controlled substance and resentencing, with an option afforded the prosecutor to retry defendant on the original charge of delivery of a controlled substance.

In *Harrison,* defendant was charged with unlawful delivery of a controlled substance. Defendant requested the trial court instruct on the charges of attempted delivery of a controlled substance and possession of a controlled substance.

We find no error in the trial court's failure to instruct on attempted delivery. The Michigan Controlled Substances Act includes in its definition of delivery, "the actual, constructive or *attempted* transfer from 1 person to another of a controlled substance". MCL 335.304; MSA 18.1070(4). (Emphasis added.) Because the Controlled Substances Act has specifically included attempt in its definition of delivery, Michigan's general attempt statute, MCL 750.92; MSA 28.287, does not apply.

However, our review does show evidence on the

record to support a charge of unlawful possession of a controlled substance.

We, therefore, affirm the Court of Appeals decision insofar as it is consistent with this opinion. We reverse defendant Harrison's conviction and remand to the trial court for entry of a judgment of conviction of possession of a controlled substance and resentencing, with the option granted the prosecutor to retry defendant on the original charge of delivery.

In *Cargill,* defendant was charged with armed robbery but sought to have the jury instructed on the lesser included offenses of robbery unarmed, assault with intent to commit robbery while armed, attempt to commit robbery unarmed, larceny from the person, and assault and battery. In light of the state of the law pre-*Ora Jones,* our review shows evidence to support charges on at least two of the lesser included offenses, namely, assault with intent to commit robbery while armed and larceny from the person.

We reverse defendant Cargill's conviction and remand to the trial court for entry of a judgment of conviction of larceny from the person and resentencing, with an option afforded the prosecutor to retry defendant on the original charge of armed robbery.

Further, we have reviewed all the other issues raised by defendants in these consolidated cases and we find them without merit.

## CONCLUSION

In summary, we conclude that the decision of this court in *People v Ora Jones,* applies prospectively only. Applying the law extant prior to *Ora Jones:* we affirm the Court of Appeals decision in

*People v Kamin;* we affirm the Court of Appeals decision in *People v Harrison* insofar as it is consistent with this opinion and remand to the trial court for action pursuant to our decision today; we reverse the Court of Appeals decision in *People v Austin* and *People v Cargill* and remand to the trial courts for action pursuant to our decision today.

Coleman, C.J., concurred with Blair Moody, Jr., J.

Ryan, J. I agree with my brother Moody's conclusion that *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), marked a fundamental change in the law regarding lesser included offenses and that the rule of *Ora Jones* should be applied prospectively to cases tried and convictions rendered after December 18, 1975.

I write separately because I disagree with his interpretation and application of the so-called "no evidence" rule. Under the standards of the "no evidence" rule, effective at the date of the trials at issue herein, the trial judges did not abuse their discretion in failing to give the requested instructions on lesser included offenses.

The "no evidence" standard is well articulated in *Sansone v United States,* 380 US 343, 349-350; 85 S Ct 1004; 13 L Ed 2d 882 (1965):

" 'In a case where some of the elements of the crime charged themselves constitute a lesser crime, the defendant, if the evidence justifie[s] it * * * [is] entitled to an instruction which would permit a finding of guilt of the lesser offense.' *Berra v United States, supra,* [351 US 131] 134. See *Stevenson v United States,* 162 US 313; 16 S Ct 839; 40 L Ed 980. *But a lesser-offense charge is not proper where, on the evidence presented, the factual issues to be resolved by the jury are the*

*same as to both the lesser and greater offenses. Berra v United States, supra; Sparf v United States,* 156 US 51, 63-64; 15 S Ct 273; 39 L Ed 343. In other words, the lesser offense must be included within but not, on the facts of the case, be completely encompassed by the greater. A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a *disputed factual element* which is not required for conviction of the lesser-included offense. *Berra v United States, supra; Sparf v United States, supra,* at 63-64." (Emphasis supplied.)

Then Judge, now Justice, LEVIN elucidated the implications of this rule in *People v Gregory Thomas,* 38 Mich App 777, 779, 782-783; 197 NW2d 97 (1972):

"The rule is that entitlement to a charge on a lesser included offense largely turns on whether, on view of the evidence favorable to the defendant, there is evidence which would justify the jury in concluding that the greater offense was not committed and a lesser included offense was committed.

\* \* \*

"Implicit in the long-established rule, recently reiterated by the Michigan Supreme Court, that it is not error to refuse to charge on a lesser offense which is not supported by the evidence, is the Court's rejection of the contention advanced by Thomas that MCL 768.32; MSA 28.1055 entitles every defendant in every case to a charge on 'an attempt to commit such offense' either because the statute so states or because 'every completed offense must include a successful attempt to commit the crime' or because a jury may believe such portion of a witness's testimony as it chooses to believe and discard the balance. It is obvious, in the light of the present case law concerning entitlement to a charge on lesser offenses, that Thomas's argument has not prevailed in the councils of the Supreme Court."

Applying the above principles to the cases con-

solidated on appeal, I conclude that in each instance the trial court properly exercised its discretion in refusing to instruct on the requested lesser included offenses.

In *Kamin* defendant was charged with breaking and entering of an unoccupied dwelling, MCL 750.110; MSA 28.305. The evidence adduced at trial showed a completed breaking and entering, positive identification of the defendant as the intruder, and defendant in possession of the stolen goods. No evidence was presented with respect to the value of the stolen goods. The defendant moved that the jury be instructed on receiving and concealing stolen goods and larceny. Defendant contends that the trial judge abused his discretion in failing to give the requested instructions.

An essential element of a conviction for receiving and concealing stolen goods, as well as for larceny, is proof as to the value of the stolen goods. Since the evidence adduced at trial would not support a conviction for either of the above offenses, the trial court was correct in refusing to give the requested instructions.

I therefore would affirm defendant's conviction.

In *Austin* defendant was charged with unlawful delivery of heroin but sought an instruction on possession of a controlled substance.

At trial, an undercover police officer, the chief witness for the prosecutor, testified that he purchased heroin from the defendant in the presence of several other people. Another police officer corroborated the undercover officer's testimony in part because he had the officer under surveillance and was therefore able to place him in the location of the drug transfer on the evening in question. Austin's defense was predicated upon the testimony of Larry Mills. Mr. Mills, a longtime friend

of defendant Austin, testified that a woman by the name of Marie sold the heroin to him and the undercover officer and that defendant Austin was not present at the time. Defendant did not take the stand.

The sole factual dispute centered about whether or not the defendant was at the scene of the delivery. The undercover officer's credibility, or the reliability of his identification, applies with equal force to the officer's testimony that defendant first possessed the heroin and to the testimony that he subsequently delivered it. The rule is clear that lesser included offense instructions are "not proper where, on the evidence presented, the factual issues to be resolved by the jury are the same as to both the lesser and greater offenses". *Sansone v United States, supra.* The instant factual situation falls squarely within this rule. There was no evidence which would justify the jury in concluding that the greater offense of delivery was not committed and a lesser offense of possession was committed. Accordingly, the trial court did not err in failing to give the requested instruction. I would, therefore, affirm Austin's conviction.

In *Harrison* defendant was charged with the unlawful delivery of opium. Testimony during the course of trial established that a drug addict, Lilla Churchill, acting as a police agent, arranged for a sale of opium from one Cameron. The sale was to take place in the presence of undercover officers in a specified parking lot. Instead of Cameron, the defendant Harrison appeared with the opium and transacted the sale with an undercover police agent who had accompanied Churchill. After the transaction was completed and the money counted, other officers arrived and arrested Harrison. In his defense, Harrison took the stand and testified that

he happened to be present at Cameron's place when Lilla Churchill called on the telephone. According to Harrison's testimony, Churchill asked him and a companion of his if they would deliver the opium to her because Cameron was unable to procure a ride. Harrison acknowledged that he did make the delivery but emphasized that he realized no profit on the transaction and had never before been involved with Cameron in the sale or delivery of drugs. At the end of trial, defense counsel unsuccessfully requested that the trial judge instruct the jury on the lesser included offenses of attempted delivery and possession.

The statutory definition of delivery under the Controlled Substances Act, MCL 335.304; MSA 18.1070(4), includes "the actual, constructive, or attempted transfer from 1 person to another of a controlled substance". The specific language of the Controlled Substances Act covering attempted deliveries supersedes and thus renders inapplicable Michigan's general attempt statute, MCL 750.92; MSA 28.287. Accordingly, the trial court was correct in refusing to instruct on attempted delivery.

With respect to the defendant's requested instruction on possession, there was no evidence on the record which would justify the jury in concluding that the greater offense, delivery, was not committed while the lesser offense, possession, was committed. There was no dispute in the testimony as to whether defendant merely possessed opium or whether he sold it. Although defendant testified to a mitigating factual circumstance which would possibly lessen his culpability, he never contended that he did not actually deliver or intend to deliver the opium to the police agent. On this factual predicate the trial court did not abuse its discretion in failing to give the requested instruction on possession of a controlled substance.

The Court of Appeals, applying the rule of *Ora Jones,* reversed appellant's conviction. I would reverse the decision of the Court of Appeals and affirm defendant Harrison's conviction.

In *Cargill* defendant was charged with the armed robbery of a grocery store in violation of MCL 750.529; MSA 28.797. The evidence introduced at trial established that two men entered a grocery store and at gunpoint took approximately $750. Defendant was identified by the three witnesses to the armed robbery after each was shown a number of photographs by the police. Testifying on his own behalf, defendant presented an alibi defense which was corroborated by his girlfriend. At the close of trial, defense counsel requested instructions on the lesser included offenses of robbery unarmed, assault with intent to commit robbery while armed, attempt to commit robbery unarmed, larceny from the person, and assault and battery. The trial court denied the requests.

A review of the lower court record supports the trial judge's decision. Evidence presented at trial was conclusive of the completed offense of robbery armed. The undisputed evidence established that the men who took the money were armed with a sawed-off shotgun and that the taking was with force or threat of violence. The defense was alibi. The only question for the jury to pass upon was whether the defendant was one of the men present and participating in the commission of the crime. This factual issue was the same as to both the lesser and greater offenses.

Accordingly, there is no evidence which would justify the jury in concluding that the greater offense was not committed and the lesser included offenses were committed. Therefore, I find no error in the trial court's failure to instruct on the requested lesser included offenses, and would affirm Cargill's conviction.