PEOPLE v SNYDER

Docket No. 48478. Submitted May 14, 1981, at Detroit.—Decided
August 19, 1981.

Dale L. Snyder pled guilty to first-degree criminal sexual conduct,
Kalamazoo Circuit Court, Philip Hassing, J. He appeals, by
leave granted, alleging that he was denied effective assistance
of counsel. *Held:*

Defense counsel's failure to obtain an opinion on the defen-
dant's criminal responsibility or to tender an insanity defense
amounted to ineffective assistance of counsel. The error was
such that but for it the defendant would have had a reasonable
likelihood of acquittal. The fact that the defendant was found
competent to stand trial has no bearing on his sanity at the
time of the crime.

Reversed and remanded.

1. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Gᴜɪʟᴛʏ Pʟᴇᴀs — Appᴇᴀʟ — Assɪsᴛᴀɴᴄᴇ ᴏꜰ
Cᴏᴜɴsᴇʟ.

A guilty plea does not waive a defendant's claim on appeal of
ineffective assistance of counsel.

2. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Assɪsᴛᴀɴᴄᴇ ᴏꜰ Cᴏᴜɴsᴇʟ.

A criminal defendant is not denied effective assistance of counsel

---

Rᴇꜰᴇʀᴇɴᴄᴇs ꜰᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇs

[1] 5 Am Jur 2d, Appeal and Error § 624.

[2] 21A Am Jur 2d, Criminal Law §§ 752, 984.

Modern status of rule as to test in federal court of effective
representation by counsel. 26 ALR Fed 218.

Modern status of rules and standards in state courts as to adequacy
of defense counsel's representation of criminal client. 2 ALR4th
27.

[3] 58 Am Jur 2d, New Trial § 161.

In competency of counsel chosen by accused as affecting validity of
conviction. 74 ALR2d 1390.

[4] 21 Am Jur 2d, Criminal Law §§ 57, 60, 96.

Test of insanity in federal criminal trial. 1 ALR Fed 965.

Modern status of the M'Naghten "right-and-wrong" test of criminal
responsibility. 45 ALR2d 1447.

where his counsel performed at least as well as a lawyer with ordinary training and skill in the criminal law.

3. NEW TRIAL — CRIMINAL LAW.

A criminal defendant should be granted a new trial where his counsel committed an error so serious that but for the error the defendant would have had a reasonable likelihood of acquittal.

4. CRIMINAL LAW — COMPETENCY TO STAND TRIAL — INSANITY DEFENSE — STATUTES.

A determination that a criminal defendant is competent to stand trial is a finding that, at the time at which the issue is presented, the defendant understands the nature and object of the proceedings against him and that he is capable of assisting his defense in a rational manner; an evaluation of a defendant's sanity places in issue whether the defendant knew that what he was doing at the time of the crime was right or wrong and, if he did, whether he had the will to resist doing the act (MCL 330.2020; MSA 14.800[1020]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *James A. Christopherson,* Assistant Prosecuting Attorney, for the people.

*James R. Durant,* for defendant on appeal.

Before: D. F. WALSH, P.J., and D. C. RILEY and R. D. KUHN,* JJ.

PER CURIAM. Defendant was convicted, on his plea of guilty, of criminal sexual conduct in the first degree. MCL 750.520b(1)(a); MSA 28.788(2)(1)(a). He was sentenced, on the recommendation of defense counsel, to life imprisonment.

On appeal, defendant contends that he was denied the effective assistance of counsel. We agree. A guilty plea does not waive, for appellate pur-

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

poses, a claim of ineffective assistance of trial counsel. *People v McDonnell,* 91 Mich App 458, 460; 283 NW2d 773 (1979), *lv den* 407 Mich 938 (1979).

Prior to trial, defense counsel knew: that defendant, in 1968 while in the Army in Germany, had molested a child, that in 1969 defendant had been acquitted by reason of insanity of assault with intent to commit rape, that defendant had been hospitalized for treatment from 1969 to 1974, and that defendant was, at the time of this offense, on probation for breaking and entering and that the motivation for that crime had sexual origins. Moreover, defendant was, at the time of his plea, undergoing psychiatric treatment at the Veterans Administration Hospital in Battle Creek, Michigan, and was free on bond for the purpose of obtaining treatment.

With this knowledge, defense counsel never sought to obtain an opinion on defendant's criminal responsibility nor did he tender a plea of not guilty by reason of insanity. We find from the record before us that counsel did not measure up to the standard put forth in *People v Garcia,* 398 Mich 250, 264; 247 NW2d 547 (1976), that defense counsel " 'must perform at least as well as a lawyer with ordinary training and skill in the criminal law * * *' ". *People v Tumpkin,* 49 Mich App 262; 212 NW2d 38 (1973), *People v Bryant,* 77 Mich App 108; 258 NW2d 162 (1977), *McDonnell, supra.*

Defendant's prior child molesting charge and his conviction on a crime involving sex, his acquittal on the basis of insanity on another sex offense, and his previous and current hospitalizations for mental illness required, at least, an effort by defense counsel to have the defendant evaluated for criminal responsibility before counseling him to plead

guilty to a capital offense. Moreover, even if we were to find that defense counsel was not incompetent under the *Garcia* standard, we would find that his error in failing to secure psychiatric evaluation was a serious mistake, but for which defendant would have had a reasonable likelihood of successfully interposing a valid and complete defense to the charge. *People v Degraffenreid,* 19 Mich App 702, 718; 173 NW2d 317 (1969), *Garcia, supra,* 266.

As the case must be remanded for trial or for further proceedings, we comment on the prosecution's assertion that examination by the Forensic Center, which determined that the defendant was competent to stand trial, was a sufficient inquiry into the defendant's sanity on the facts of this case. Such an argument is obviously fallacious.

A determination that a defendant is competent to stand trial is a finding that, at the time that the issue is presented, the accused understands the nature and object of the proceedings against him and that he is capable of assisting his defense in a rational manner. MCL 330.2020; MSA 14.800(1020).

On the other hand, an evaluation of sanity, which, on the facts before him, defense counsel should have undertaken, would place in issue whether the defendant knew that what he was doing at the time of the crime was right or wrong, and, if he did, whether he had the will power to resist doing the wrongful act. *People v Martin,* 386 Mich 407, 418; 192 NW2d 215 (1971).

Clearly, a determination that an accused is competent to stand trial is not equal to, or even suggestive of, the accused's sanity at the time the crime was alleged to have been committed.

Reversed and remanded, with direction to appoint new counsel for the defendant.