PEOPLE v CALDWELL

Docket No. 53094. Submitted June 18, 1981, at Detroit.—Decided October 26, 1981.

Clarence Caldwell was convicted on his plea of guilty in Wayne Circuit Court, Thomas J. Foley, J., of delivery of a controlled substance. Defendant thereafter was tried in a bench trial before Judge Foley on the charge of possession of a firearm during the commission of the felony. The proofs adduced at the trial on the felony-firearm count established that a codefendant rather than the defendant had possession of the firearm during the transaction giving rise to the controlled substance charge. There was no evidence that defendant assisted the codefendant in obtaining or retaining the firearm. Defendant was convicted on the felony-firearm count. Defendant appeals. *Held:*

The decision of the Supreme Court in *People v Johnson,* 411 Mich 50 (1981), holding that conviction under the felony-firearm statute of a defendant who did not have actual possession of the firearm during the commission of the felony requires proof that such defendant aided and abetted in the obtaining or retaining of the firearm should be retroactively applied to those cases pending on appeal on March 30, 1981, the decisional date of *Johnson,* which had raised that issue in the appeal. Since defendant thereby is subject to the decision in *Johnson* and since there was no evidence produced at his bench trial establishing the elements of proof now required by *Johnson,* the matter should be remanded to the trial court for an evidentiary hearing.

Reversed and remanded.

N. J. KAUFMAN, J., dissented. While he concurs in the hold-

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts §§ 233–236.

21A Am Jur 2d, Criminal Law § 815.

United States Supreme Court's views as to retractive effect of its own decisions announcing new rules. 22 L Ed 2d 821.

[2–4] 21A Am Jur 2d, Criminal Law § 814 *et seq.*

[3, 4] 21 Am Jur 2d, Criminal Law § 167.

30 Am Jur 2d, Evidence § 1130.

75 Am Jur 2d, Trial § 724.

ing that the rule in *Johnson* should be given retroactive effect
to those cases pending on appeal on the decisional date of
*Johnson,* he would hold that the felony-firearm charge should
be dismissed since there is no evidence in the record upon
which the trial court, on remand, could find the elements
necessary to support a conviction on the charge.

### OPINION OF THE COURT

1. CRIMINAL LAW — RETROACTIVITY.

   As a general principle full retroactivity of Supreme Court case
   precedent is the rule, and prospectivity is the exception; how-
   ever, retroactivity may be limited where a balancing of three
   factors so dictates: (1) the purpose of the new rule; (2) the
   general reliance upon the old rule; and (3) the effect on the
   administration of justice of the new rule.

2. CRIMINAL LAW — FELONY-FIREARM — AIDING AND ABETTING —
   RETROACTIVITY.

   The Supreme Court's decision relative to the proofs necessary to
   convict one of violation of the felony-firearm statute where one
   is aiding and abetting in the underlying felony but does not
   have possession of the firearm during the commission of that
   felony should be retroactively applied to those cases pending on
   appeal on the date of the Supreme Court's decision, March 30,
   1981, which had raised that issue in the appeal.

3. CRIMINAL LAW — FELONY-FIREARM — AIDING AND ABETTING —
   APPEAL.

   A remand for a hearing to determine whether a defendant aided
   and abetted in obtaining or retaining possession of the firearm
   used in the commission of a felony is mandated where at the
   bench trial held on or prior to March 30, 1981, on a felony-
   firearm charge no evidence was produced to show that the
   defendant assisted in obtaining or retaining possession of the
   firearm held during the underlying felony by a codefendant.

### DISSENT BY N. J. KAUFMAN, J.

4. CRIMINAL LAW — FELONY-FIREARM — AIDING AND ABETTING —
   APPEAL.

   *Dismissal of a felony-firearm charge is mandated where, in a
   bench trial held on or prior to March 30, 1981, no evidence was
   adduced to support a finding that the defendant assisted in
   obtaining or retaining possession of the firearm held by a
   codefendant during the commission of the underlying felony;
   the retroactive application of the Supreme Court's decision as*

*to the proofs necessary to convict under such circumstances, when coupled with the lack of any such proofs in the record, render superfluous any remand to the trial court.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

*Monash & Monash, P.C.,* for defendant.

Before: V. J. BRENNAN, P.J., and N. J. KAUFMAN and E. E. BORRADAILE,* JJ.

PER CURIAM. Defendant was charged with the offenses of delivery of a controlled substance, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv) and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant withdrew his original plea of not guilty of delivery of a controlled substance and entered a plea of guilty to that charge. He waived trial by jury, was tried by the court in place of a jury, and was found guilty as charged on the felony-firearm count.

The court sentenced the defendant to serve the mandatory two years in prison on the felony-firearm count followed by a two-year period of probation and costs on the delivery of a controlled substance count. Defendant appeals as of right.

At the time that defendant was convicted, a split existed in the Court of Appeals on whether possession of the firearm used was necessary for a conviction under the felony-firearm statute. This split has since been resolved by the Supreme Court in *People v Johnson,* 411 Mich 50; 303 NW2d 442

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(1981). The Court ruled that, in order to convict one of aiding and abetting the commission of a separately charged crime of carrying or having a firearm in one's possession during the commission of a felony, it must be established that the defendant procured, counselled, aided or abetted or so assisted in obtaining or retaining such possession. *People v Johnson, supra,* 54.

Under this rule, defendant's conviction under the felony-firearm statute would be reversed because there was no evidence produced at trial that defendant had assisted in obtaining possession or had assisted in the retaining of possession of the paratrooper-type carbine held by a codefendant during the drug transaction.

Disposition of the instant appeal, then, hinges upon the question of whether *Johnson* is to be applied retroactively.

Complicating this determination is the fact that the Supreme Court gave no indication whether it intended *Johnson* to have retroactive or prospective application.

As a general principle, full retroactivity is the rule and prospectivity is the exception. *People v Markham,* 397 Mich 530, 548; 245 NW2d 41 (1976), (LEVIN, J., *dissenting), People v Bryant,* 80 Mich App 428, 435; 264 NW2d 13 (1978), *lv den* 402 Mich 942 (1978). However, retroactivity may be limited where a balancing of three factors so dictates. The three factors are: (1) the purpose of the new rule, (2) the general reliance upon the old rule, and (3) the effect on the administration of justice of the new rule. See, *e.g., Linkletter v Walker,* 381 US 618; 85 S Ct 1731; 14 L Ed 2d 601 (1965), *People v Hampton,* 384 Mich 669; 187 NW2d 404 (1971), *People v Markham, supra, People v Kamin,* 405 Mich 482; 275 NW2d 777 (1979),

*People v Bryant, supra, People v Reese,* 97 Mich App 785; 296 NW2d 172 (1980).

Applying the first factor of *Hampton,* we find the Court's purpose in *Johnson* to be to mend the split which developed within the Court of Appeals concerning application of the felony-firearm statute by providing criteria for determining guilt based on participation not involving actual possession or use of a firearm during the commission of a felony.

Relying on *People v Kamin, supra,* 494, this Court has indicated that a purpose of clarifying existing law is sufficient for the retroactive application of a rule of law. *People v Slager,* 105 Mich App 593; 307 NW2d 376 (1981). See, also, *People v Szymanski,* 102 Mich App 745, 747; 302 NW2d 316 (1981).

The second and third factors of *Hampton* can be considered together since the extent of reliance on the old rule often determines the effect upon the administration of justice. *People v Hampton, supra, People v Taylor,* 99 Mich App 613, 616; 299 NW2d 9 (1980).

Where there has been profound reliance on the old rule, the effect of retroactive application of the new rule on the administration of justice could be marked. *People v Rich,* 397 Mich 399, 403; 245 NW2d 24 (1976). It cannot be said that there has been profound reliance on the old felony-firearm rule. In fact, the old rule consisted of two or more inconsistent applications which led to the Court of Appeals split. In addition, the statute, enacted on January 1, 1977, is a virtual legislative newborn and, as such, has not been the subject of profound reliance.

The Supreme Court in *Markham, supra,* 547, indicated that the third retroactivity factor focuses

primarily on the impact on prosecutorial and judicial resources of requiring a large number of retrials. Retroactive application will not burden the courts with an excessive number of retrials. However, in order to insure that retrials remain at a reasonable level, we limit the retroactive application of the new rule to those cases pending on appeal on the date of the *Johnson* decision. Such application serves a two-fold purpose: it limits the number of felony-firearm cases to be retried, and it provides consistency in the application of the statute in those cases pending on appeal, insuring that this Court's cases will receive the same disposition that Supreme Court cases have in the past. *People v Bryant, supra,* 437.

The felony-firearm rule of *Johnson,* then, meets the three-factor test for retroactivity articulated in *Hampton* and may be applied only in cases which had raised the issue on appeal when *Johnson* was decided.

Applying the rule of *Johnson* in the instant case, defendant's conviction on the felony-firearm charge is reversed, and the case remanded to the trial court for an evidentiary hearing on the felony-firearm charge consistent with the rule of *Johnson.*

Reversed and remanded.

N. J. KAUFMAN, J. *(dissenting).* While I agree with the majority's conclusions regarding the retroactivity of *People v Johnson,* 411 Mich 50; 303 NW2d 442 (1981), I must dissent from the ultimate disposition of this appeal and that of codefendant Derrick Louis Pounds *(People v Pounds,* Docket Nos. 53862-53863, decided October 27, 1981 [unreported]).

Under *Johnson, supra,* proof of aiding and abet-

ting the crime of possession of a firearm during the commission of a felony requires that it be shown that the defendant procured, counselled, aided, or abetted and so assisted in obtaining the proscribed possession, or in retaining such possession otherwise obtained. *Id.,* 54. In *Johnson* and in the subsequent disposition by order of other cases, the Supreme Court has revealed appropriate methods for disposing of cases where this standard has not been met.

In a guilty plea case, where the record lacks a sufficient factual basis to support the conviction, the matter is to be remanded to give the prosecutor the opportunity to establish the missing "possessory" element. If the prosecutor is successful and there is no contrary proof, the conviction is to be affirmed; if the prosecutor cannot establish the missing element, the conviction, of course, must be set aside. Finally, if contrary evidence is produced, the matter is to be treated as a motion to withdraw the tendered guilty plea, to be decided by the trial court in an exercise of discretion. *Id.,* 54-55; see, also, *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975).

In cases tried before juries, the Supreme Court has remanded for new trial, since the essence of the trial error in such cases is that the instructions given were improper. *People v Lankford,* 411 Mich 939 (1981).[1] Since the original jury cannot be reassembled to again determine the defendant's guilt or innocence, retrial is the only practical solution.

For convictions by a court sitting without jury,

---

[1] See, also, *People v Gibson,* 411 Mich 993 (1981), *People v Louis MacKenzie,* 411 Mich 984 (1981), *People v Gregory Taylor,* 411 Mich 984 (1981), *People v Warren Moore,* 411 Mich 983 (1981), *People v Williamson,* 411 Mich 948 (1981), *People v Buckles,* 411 Mich 914 (1981).

the Supreme Court has indicated a different procedure for remand. In *People v Zmijewski,* 411 Mich 931, 932 (1981), the Court remanded such a case back to the trial court

"with instructions that the trial judge review the trial transcript and make additional and further findings of fact regarding whether the prosecutor established that defendant aided or abetted in the commission of this crime. The court is to apply the standard announced in this Court's decision in *People v Johnson* and *Tavolacci.* If it determines that the crime was established, defendant's conviction stands affirmed. If it determines that the crime was not established, the court shall enter an order setting aside the conviction because the prosecutor failed to establish a necessary element of the crime of felony-firearm."

It is noteworthy that in this bench trial situation, the Court made no provision for the submission of additional proofs by the prosecution, but instead limited the trial court to review of the original trial transcript. Thus, there is no cause to remand the present matter back to the trial court for an "evidentiary hearing", as the majority proposes.

This limitation to the original trial proofs is mandated by the Double Jeopardy Clauses of the federal and state constitutions. If the evidence initially adduced at trial was insufficient to support a finding of guilt, the constitution forbids retrial to afford the prosecution the opportunity to supply additional evidence. *Burks v United States,* 437 US 1, 11; 98 S Ct 2141; 57 L Ed 2d 1 (1978), *Hudson v Louisiana,* 450 US 40; 101 S Ct 970; 67 L Ed 2d 30 (1981). In this respect, we distinguish appellate reversals for *trial* errors from those based on a failure of proof. *Burks v United States, supra,* 14-16. A reversal for a trial error is neutral with regard to the guilt or innocence of the defen-

dant. Thus, retrial is appropriate since it satisfies both the interest of the accused in having a fair adjudication of guilt and that of the public in insuring that the guilty are punished. *Id.*

"The same cannot be said when a defendant's conviction has been overturned due to a failure of proof at trial, in which case the prosecution cannot complain of prejudice, for it has been given one fair opportunity to offer whatever proof it could assemble.[10] Moreover, such an appellate reversal means that the government's case was so lacking that it should not have even been *submitted* to the jury. Since we necessarily afford absolute finality to a jury's *verdict* of acquittal—no matter how erroneous its decision—it is difficult to conceive how society has any greater interest in retrying a defendant when, on review, it has decided as a matter of law that the jury could not properly have returned a verdict of guilty.

[10] In holding the evidence insufficient to sustain guilt, an appellate court determines that the prosecution has failed to prove guilt beyond a reasonable doubt. See *American Tobacco Co v United States,* 328 US 781, 787, fn 4 [66 S Ct 1125; 90 L Ed 1575] (1946)."

437 US 1, 16. (Emphasis in original.)

In other circumstances I would advocate a remand to allow the trial court to reconsider the trial transcript in light of *People v Johnson, supra,* as the Supreme Court did in *Zmijewski.* However, we have already determined, and I believe correctly so, that there was "no evidence produced at trial" to satisfy the requirements of *Johnson.* A remand to trial court in this situation would be a superfluous gesture, wasteful not only of the trial court's time but of the state resources expended by further prosecutorial effort. As in any other case where insufficient evidence has been presented to the trier of fact, the matter should be dismissed with prejudice.