PEOPLE v BROADNAX

Docket No. 48399. Submitted June 2, 1981, at Detroit.—Decided
    November 3, 1981. Leave to appeal denied, 412 Mich 936.

Clifford Broadnax was found guilty of first-degree murder and
    possession of a firearm during the commission of a felony, but
    mentally ill, Wayne Circuit Court, Michael L. Stacey, J. Defen-
    dant appeals, alleging several errors. *Held:*

1. The trial court's jury instruction that the jury was war-
    ranted in holding the defendant responsible for the conse-
    quences of his acts, that intent may be presumed from the
    doing of a wrongful, fraudulent or illegal act, and that the law
    presumes that every person intends the legitimate conse-
    quences of his own acts was erroneous. Such an instruction
    does not automatically require reversal, but is subject to harm-
    less error analysis. In this case, the error was not harmless
    because the defendant's sanity was at issue and the instruction
    could have shifted the burden of proof on the sanity issue to
    the defendant or led the jury to believe that the insanity
    defense was not available at all. The convictions must be
    reversed.

2. A prior trial of defendant ended in a mistrial when the
    court found, in mid-trial, that the defendant was incompetent
    to continue with trial. That finding did not have a bearing on
    the issue of the defendant's sanity at the time of the commis-
    sion of the offense. Therefore, it did not act as an acquittal, and
    the second trial was not barred because of double jeopardy.

3. The jury's finding of mental illness is not inconsistent with

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 742.
    Modern status of rules as to burden and sufficiency of proof of
    mental irresponsibility in criminal case. 17 ALR3d 146.
[2] 4 Am Jur 2d, Appeal and Error § 159.
    21 Am Jur 2d, Criminal Law § 309.
[3] 21 Am Jur 2d, Criminal Law §§ 37, 46, 95.
[4] 21 Am Jur 2d, Criminal Law § 81.
    40 Am Jur 2d, Homicide § 545.

the finding of premeditation and deliberation which was necessary for the conviction of first-degree murder.

4. There was sufficient evidence of premeditation and deliberation to support the conviction of first-degree murder.

5. Testimony regarding prior bad acts of the defendant was properly allowed absent any objections from the defendant.

Reversed and remanded.

1. CRIMINAL LAW — JURY INSTRUCTIONS — INSANITY.

A jury instruction that the law presumes that every person intends the legitimate consequences of his acts, that the jury is warranted in holding a party responsible for the consequences of his acts and that intent may be presumed from the doing of an act is erroneous, and the instruction was not harmless error where the issue at trial was the defendant's sanity at the time of the offense because such an instruction could have shifted the burden of proof on the issue of sanity to the defendant or could have been considered by the jury as negating an insanity defense altogether.

2. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — ACQUITTAL.

There is an acquittal, and retrial is impermissible, where a trial judge evaluates the prosecution's evidence and determines that it is legally insufficient to support a conviction; the trial judge's characterization of his own actions cannot control what he did, rather, the reviewing court must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.

3. CRIMINAL LAW — COMPETENCY — MENTAL ILLNESS.

The issue of competency concerns a defendant's mental state at the time of trial; the issue of mental illness or insanity, however, concerns the defendant's mental state at the time of commission of the crime charged.

4. CRIMINAL LAW — FIRST-DEGREE MURDER — MENTAL ILLNESS — INCONSISTENT VERDICTS.

A verdict of guilty of first-degree murder but mentally ill is not necessarily inconsistent with the finding of premeditation and deliberation necessary for the finding of first-degree murder.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Prin-

cipal Attorney, Appeals, and *Joseph W. Koch,* Assistant Prosecuting Attorney, for the people.

*Derrick A. Carter* and *Herb Jordan,* Assistants State Appellate Defender, for defendant on appeal.

Before: BRONSON, P.J., and R. M. MAHER and F. X. O'BRIEN,* JJ.

PER CURIAM. Following a jury trial defendant was found guilty of first-degree murder, MCL 750.316; MSA 28.548, and of the possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), but mentally ill, MCL 768.36; MSA 28.1059. He was sentenced to the mandatory term of life imprisonment on the murder conviction, and to the mandatory 2-year consecutive term on the felony-firearm conviction. Defendant now appeals by right.

The charges against defendant arose out of the shooting death of his mother. Defendant did not deny the killing but presented an insanity defense. Defendant was initially adjudged incompetent to stand trial. He was later found competent, but in the midst of his first trial was again adjudged incompetent and a mistrial was declared. Defendant was subsequently found competent and tried a second time.

Defendant claims error in the following jury instruction:

"The question of intent is one that is hard to establish directly because grown persons do not always disclose the object they have in view in any acts in which they may indulge, and you have to gather the intent from the character of the act, the circumstances surrounding it and from conduct of a like character which

* Circuit judge, sitting on the Court of Appeals by assignment.

may appear as tending to aid you in finding and discovering it. But in that connection with all this, *unless the testimony satisfied you of something else, you are warranted in holding a party responsible for the natural, probable and legitimate consequences of his acts. The intent may be presumed from the doing of a wrongful, fraudulent or illegal act. But this inference or presumption is not necessarily conclusive. The law presumes that every man intends the legitimate consequences of his own acts."* (Emphasis added.)

We find this instruction to be constitutionally infirm on the basis of *Sandstrom v Montana,* 442 US 510; 99 S Ct 2450; 61 L Ed 2d 39 (1979), and *People v Wright,* 408 Mich 1; 289 NW2d 1 (1980). See also *People v Richardson,* 409 Mich 126; 293 NW2d 332 (1980). Defendant's failure to object to this instruction does not preclude review. *People v Wright, supra,* 30, fn 13.

The Court in *People v Wright, supra,* held that the error in giving such an instruction does not yet automatically require reversal, and that, at least in cases tried prior to *Sandstrom* and *Wright,* harmless error analysis is appropriate. *People v Wright, supra,* 26-29. See *Chapman v California,* 386 US 18; 87 S Ct 824; 17 L Ed 2d 705 (1967). *Sandstrom* was decided in the middle of the trial in the instant case, and *Wright* was decided approximately eight months after the trial's conclusion. As a result, we believe that the instant case is within the class of cases to which our Supreme Court intended harmless error analysis to apply.

We do not believe that the error was harmless under the facts and circumstances of the instant case. The issue at trial was defendant's sanity at the time of the offense. Once raised, the burden was on the prosecution to prove defendant's sanity beyond a reasonable doubt. Although distinct, the issues of intent and sanity are sufficiently inter-

twined so that the trial court's instruction that "you are warranted in holding a party responsible for the natural, probable and legitimate consequences of his acts" and that "the law presumes that every man intends the legitimate consequences of his own acts" could have effectively shifted the burden on the issue of sanity to the defendant. At worst, these instructions could have been considered by the jury as negating an insanity defense altogether.

The proof of defendant's sanity was not overwhelming. In fact, the opposite could be argued with ease. After his discharge from the Army in the 1950's defendant was hospitalized for treatment of mental illness for several extended periods of time. It appears that the defendant had been released from one such period of hospitalization shortly before the shooting. There was testimony that defendant complained of hearing voices and being hit by laser beams. He apparently believed that certain persons and organizations were out to get him, including the CIA, Castro, Hitler, and interplanetary creatures. He claimed that voices saying "shoot the bitch" ordered him to kill his mother, and that laser beams hitting his hand caused him to fire the gun. Two psychiatrists testified that in their opinion defendant was not criminally responsible at the time of the shooting. A third acknowledged defendant's long history of mental illness, but expressed the opinion that defendant was in fact responsible at the time of the shooting.

Given the nature of the proofs it is quite possible that the erroneous instruction spelled the difference between a finding of not guilty by reason of insanity and a finding of guilty but mentally ill. In any event we cannot say that the error was

harmless beyond a reasonable doubt. Accordingly, defendant's convictions are reversed.

On June 16, 1981, this Court granted defendant leave to file a supplemental brief. We will address the issues raised in that brief to the extent that, if established, they would bar or limit the scope of retrial, and, because we conclude that retrial is allowable, to the extent that these issues may arise again.

Defendant argues that his second trial was barred by double jeopardy. He contends that the trial court's finding, in the midst of the first trial, that he was not sufficiently competent for the trial to continue operated as an acquittal on the basis of insanity, or, at worst, a conclusive finding on the question of mental illness. In support of this argument defendant relies on *People v Anderson,* 409 Mich 474; 295 NW2d 482 (1980). In *Anderson* the defendant was tried on a charge of first-degree murder. During the course of the prosecution's case in chief the trial court allowed the defendant to plead guilty to manslaughter, dismissed the murder charge, and discharged the jury. The prosecution appealed, contending that it could retry defendant on a charge of first-degree murder. The Supreme Court rejected this argument, however, holding that on the facts presented the trial court's actions amounted to an acquittal on the charge of murder. The Court noted that the effect of the trial court's actions are not controlled by the form they may take. In order to determine whether a trial court's actions amount to an acquittal the Court offered the following:

"To decide how a trial judge's action should be characterized, the reviewing court 'must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of

the factual elements of the offense charged'. There is an acquittal and retrial is impermissible when the judge 'evaluated the Government's evidence and determined that it was legally insufficient to sustain a conviction'." *People v Anderson, supra,* 486.

Applying this test to the instant case it is abundantly clear that the trial court's order declaring a mistrial in no manner represented a resolution of any factual issue. The mistrial was occasioned by the trial court's finding that defendant lacked the competency necessary for the trial to continue. The issue of competency concerns the defendant's mental state at the time of trial. The issue of mental illness or insanity, however, concerns the defendant's mental state at the time of commission of the crime charged. See *People v Snyder,* 108 Mich App 754; 310 NW2d 868 (1981). A finding, at the time of trial, that a defendant is incompetent to be tried has no bearing whatsoever on the factual element of defendant's sanity at the time of the crime. The finding of incompetence required that a mistrial be declared out of "manifest necessity". Accordingly, defendant's second trial was not barred by double jeopardy. *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976), *cert den* 429 US 951; 97 S Ct 370; 50 L Ed 2d 319 (1976).

Defendant next contends that the jury's finding of mental illness is irreconcilable with a finding of premeditation and deliberation.[1] We cannot accept this premise. Mental illness is defined as "a substantial disorder of thought or mood which signifi-

---

[1] We note that this is not a claim of inconsistency between verdicts on separate counts, see *People v Vaughn,* 409 Mich 463; 295 NW2d 354 (1980), but a claim of inconsistency within a verdict on a single count. We can envision very few circumstances in which such a claim could arise, this perhaps being the only one. Regardless of what *Vaughn* has to say about jury leniency, we do believe that a claim of inconsistency within a verdict on a single count is reviewable.

cantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life". MCL 330.1400a; MSA 14.800(400a). While a person who meets one or more of the aspects of this definition at the time of a killing may have been unable to premeditate and deliberate sufficiently to be guilty of first-degree murder, we are not convinced that this must necessarily be so. We do not, for example, find it logically or legally impossible that a person who suffers from a substantial disorder of mood which significantly impairs his or her ability to cope with the ordinary demands of life might also be able to think beforehand about a killing and to evaluate the major facets of a choice or problem. That the opposite might also be true merely raises a question of fact for the jury.

Defendant points out that the jury was not instructed that a defendant who is mentally ill at the time of the offense might be unable to premeditate and deliberate. We are not presently convinced that such an instruction is necessary. In the instant case the jury was instructed on the elements of premeditation and deliberation as well as on the definition of mental illness. Defense counsel could have argued that, even if not insane, defendant suffered from a mental illness sufficient to defeat the elements of first-degree murder as opposed to second-degree murder or manslaughter. He chose not to do so, perhaps believing that the evidence of insanity was sufficiently overwhelming to make likely a verdict of not guilty by reason of insanity. The prosecution took full advantage of this strategy, arguing that the only issue was defendant's sanity and that if defendant was found sane he should be convicted of first-degree murder rather than some lesser included offense. On re-

trial defendant will have the opportunity to change his strategy and argue accordingly.

Defendant next contends that there was insufficient evidence of premeditation and deliberation to sustain defendant's conviction for first-degree murder. Review of the record reveals testimony that defendant had threatened to kill his mother in the past and that firearms had been taken from him on these occasions. Defendant was armed on the day of the killing as well. We believe that, while the evidence was not overwhelming, it was sufficient. See *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979).

Defendant finally argues that it was error to allow testimony concerning prior bad acts on his part. This testimony was not met with an objection. If defendant wishes to exclude such evidence on retrial he should object, at which point the trial court can determine the matter in the exercise of its discretion. See MRE 404(b).

Defendant's convictions are reversed and this case is remanded for a new trial.

Reversed and remanded.