PEOPLE v MOORE

Docket No. 62014. Submitted October 14, 1983, at Lansing.—Decided
January 3, 1984.

Raymond Moore was convicted of delivery of less than 50 grams
of cocaine, Jackson Circuit Court, Gordon W. Britten, J. Defen-
dant appealed, alleging a denial of effective assistance of coun-
sel because his defense counsel failed to raise the defense of
entrapment. *Held:*

1. The failure of defense counsel to raise a substantive
defense, where there is substantial evidence to support such a
defense, may amount to ineffective assistance of counsel.

2. Applying the objective test for entrapment to the facts of
this case, the defendant would have been unable to show by a
preponderance of the evidence that he was entrapped. There-
fore, defense counsel's failure to raise the issue did not amount
to ineffective assistance of counsel.

3. The trial court was under no duty *sua sponte* to hold a
hearing or make separate findings of fact on the issue of
entrapment.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21A Am Jur 2d, Criminal Law §§ 984-987.
Modern status of rule as to test in federal court of effective
representation by counsel. 26 ALR Fed 218.
Modern status of rules and standards in state courts as to adequacy
of defense counsel's representation of criminal client. 2 ALR4th
27.
[2] 21A Am Jur 2d, Criminal Law § 985.
[3] 21 Am Jur 2d, Criminal Law §§ 202, 206.
Propriety and prejudicial effect in federal criminal case of instruc-
tion distinguishing "lawful" and "unlawful" entrapment. 39 ALR
Fed 751.
[4] 21A Am Jur 2d, Criminal Law § 183.
29 Am Jur 2d, Evidence § 156.
Instructing on burden of proof as to defense of entrapment in
federal criminal case. 28 ALR Fed 767.
[5] 4 Am Jur 2d, Appeal and Error §§ 159 *et seq.,* 545.
21 Am Jur 2d, Criminal Law § 203.

1. Criminal Law — Assistance of Counsel.

The test of a claim of ineffective assistance of counsel is whether defense counsel performed at least as well as a lawyer with ordinary training and skills in the criminal law and conscientiously protected his client's interest undeflected by competing considerations, or whether defense counsel made a serious mistake but for which the defendant would have had a reasonably likely chance of acquittal.

2. Criminal Law — Assistance of Counsel — Substantive Defense.

Failure of defense counsel to raise a substantive defense, where there is substantial evidence to support such defense, may amount to ineffective assistance of counsel.

3. Criminal Law — Entrapment — Objective Test.

The objective test for determining whether entrapment has occurred is whether agents of the government have acted in a manner likely to instigate or create a criminal offense.

4. Criminal Law — Entrapment — Burden of Proof.

A defendant has the burden of proving his claim of entrapment by a preponderance of the evidence.

5. Criminal Law — Entrapment — Appeal.

Appellate review of a claim of entrapment is precluded where the issue was not raised in the court below; furthermore, a trial judge is under no duty to *sua sponte* hold a hearing or make separate findings of fact on that issue.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *Joseph A. Greenleaf,* Chief Appellate Attorney, for the people.

*W. B. Raymer,* for defendant on appeal.

Before: Danhof, C.J., and Bronson and W. R. Peterson,* JJ.

Per Curiam. Defendant was convicted after a bench trial of delivery of less than 50 grams of cocaine, MCL 333.7401; MSA 14.15(7401). Defen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dant was sentenced from to 5 to 20 years imprisonment and presently appeals as of right.

On appeal, defendant argues that he was denied his Sixth Amendment right to the effective assistance of counsel because his attorney failed to present a defense of entrapment. The test for effectiveness of counsel requires that defense counsel perform at least as well as a lawyer with ordinary training and skills in the criminal law and conscientiously protect his client's interest undeflected by competing considerations. *People v Garcia,* 398 Mich 250, 264; 247 NW2d 547 (1976), *reh den* 399 Mich 1041 (1977). Ineffectiveness of counsel may also be shown where defense counsel makes a serious mistake but for which the defendant would have had a reasonably likely chance of acquittal. *People v DeGraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969); *Garcia, supra.* This Court has held that a defense counsel's failure to raise a substantive defense, where there is substantial evidence to support the defendant's claim, may amount to ineffectiveness of counsel. *People v Snyder,* 108 Mich App 754; 310 NW2d 868 (1981).

We have carefully examined the record and find no merit to defendant's allegation of ineffectiveness of counsel. There was not substantial evidence to support defendant's claim of entrapment. It was therefore not error for defense counsel to fail to raise entrapment as a defense.

The record indicates that, in early 1979, defendant agreed to work with Detective Thomas Corwin, the Director of the Jackson County Narcotics and Organized Crime Unit, as an informant in exchange for the detective's promise to contact the prosecuting attorney and recommend probation on a delivery of heroin charge to which defendant had pled guilty on October 5, 1978. Defendant also

agreed to work with Lieutenant Leroy Soeltner, the detective in charge of the state police organized crime section in East Lansing, in his investigation of illegal gambling operations.

Detective Corwin testified that defendant worked for him only during the summer of 1979, after which time Corwin terminated the arrangement. Corwin did not notify defendant that their agreement was ended. Corwin had previously twice cautioned defendant not to involve himself in any illegal activities unless they were under the direction of himself or Lieutenant Soeltner.

The instant charge arose out of purchases made by defendant on October 2 and 3, 1980, on behalf of undercover State Police Trooper Mark Siegel, who was assigned to the Jackson County Narcotics and Organized Crime Unit. On October 2, 1980, Trooper Siegel approached defendant at the Mark III Lounge in Jackson and told defendant that he wanted to purchase some cocaine. Defendant made a telephone call, then returned and suggested that they "take a ride". They left the lounge in Siegel's undercover car and went to a residential building. Siegel waited in the car while defendant went in, returning with four packets of cocaine. Siegel paid defendant $100 with marked cash. On October 3, 1980, Siegel again contacted defendant at the Mark III Lounge and purchased cocaine. When Siegel entered the lounge, defendant accused him of being a police officer. Siegel denied that he was working for the police.

Prior to the purchases on October 2 and 3, 1980, Siegel had three to four contacts with defendant. On June 17, 1980, Siegel witnessed an informant purchase narcotics from the defendant. On September 12, 1980, Siegel was introduced to defendant by a suspected narcotics dealer. On Septem-

ber 30, 1980, Siegel purchased cocaine from defendant and the two then drove around the city and defendant pointed out places where narcotics could be purchased. Siegel testified that from his first contact with defendant through October 3, 1980, he was working undercover. At no time did he give defendant the impression that he was a police officer.

Michigan has adopted an objective test for determining whether entrapment has occurred. *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973). Under this test, the question is whether agents of the government have acted in a manner likely to instigate or create a criminal offense. *Turner, supra,* p 20. Defendant is required to show entrapment by a preponderance of the evidence. *People v D'Angelo,* 401 Mich 167, 183; 257 NW2d 655 (1977).

We find that the above-recited facts do not meet the objective test for entrapment. Detective Corwin had not used the defendant as an informant for more than one year before Trooper Siegel, working undercover, approached defendant. Siegel never identified himself as a police officer and Detective Corwin had twice cautioned defendant not to commit any illegal acts except at Corwin's direction. We find this case to be factually distinguishable from *People v Hampton,* 111 Mich App 782; 314 NW2d 753 (1981), relied upon by defendant. In *Hampton,* the defendant agreed to work as an informant for Police Officer Edwards. Defendant was told that he would be contacted by someone who would instruct him regarding arrangements for purchasing a large quantity of amphetamines from a doctor. Approximately two months later, Edwards unilaterally terminated the arrangement without informing defendant. Defen-

dant was contacted by an undercover officer almost immediately after the arrangement was terminated and asked to purchase amphetamines from the doctor. After defendant made four purchases of this type, he was charged with four counts of delivery of amphetamines. In *Hampton,* unlike the instant case, the defendant performed exactly the service he had been asked to do, under the conditions agreed to, within two months after making the initial agreement with Edwards. We do not find the police conduct in this case to be comparable to that in *Hampton.*

Since we find no basis for defendant's claim of entrapment, we decline to reverse defendant's conviction on the ground that he was ineffectively represented by counsel. Counsel performed at least as well as a lawyer with ordinary training and skill in criminal law and did not make a serious mistake but for which defendant would have had a reasonably likely chance of acquittal.

We also find no merit in defendant's claim that the trial court erred by failing to *sua sponte* hold an entrapment hearing and make separate findings of fact and conclusions of law on the entrapment issue. Where defendant makes no effort to have the trial court decide the issue of entrapment, appellate review is precluded. *People v Edmonds,* 93 Mich App 129; 285 NW2d 802 (1979), *lv den* 408 Mich 918 (1980). The issue of entrapment was never raised in the court below and the trial court was under no duty to *sua sponte* hold a hearing or make findings of fact on this issue.

Affirmed.