PEOPLE v NYBERG

Docket No. 74163. Submitted April 11, 1984, at Grand Rapids.—
Decided October 11, 1984. Leave to appeal denied 421Mich __.

Kenneth M. Nyberg was placed in Traverse City State Hospital
for treatment after he had threatened to kill his father. He
thereafter left the hospital grounds, went to his father's home
and shot his father. Nyberg was charged with first-degree
murder and was committed to the Forensic Center for a deter-
mination of his competency. Nyberg was found to be incompe-
tent to stand trial. After several months of treatment, defen-
dant was found competent to stand trial. Defense counsel filed
notice of an insanity defense. Further evaluation by the Foren-
sic Center resulted in a determination by a staff psychiatrist
that defendant was mentally ill at the time he killed his father
and had been unable to appreciate the wrongfulness of his
conduct or to conform his conduct to the requirements of the
law. Thereafter, at his arraignment in Benzie Circuit Court,
William R. Peterson, J., Nyberg was convicted on his plea of
guilty but mentally ill of second-degree murder, and was later
sentenced to life imprisonment. At the time of the guilty plea,
the prosecution had not filed notice of rebuttal to the insanity
defense. Nyberg appealed to the Court of Appeals, claiming an
insufficient factual basis as to sanity and ineffective assistance
of counsel. The Court of Appeals, in an unpublished opinion,
reversed and remanded to the trial court with instructions that
the prosecution be allowed to establish a factual basis as to the
sanity element and that an evidentiary hearing be held on the
alleged ineffective assistance of counsel claim. Docket No.
56013, decided February 8, 1982. The Supreme Court reversed

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 623.5.
[1, 2] 21A Am Jur 2d, Criminal Law §§ 984, 985.
Modern status of rules and standards in state courts as to adequacy
of defense counsel's representation of criminal client. 2 ALR4th
27.
[2] 21 Am Jur 2d, Criminal Law § 46 et seq.
Adequacy of defense counsel's representation of criminal client
regarding incompetency, insanity, and related issues. 17 ALR4th
575.

the portion of the decision of the Court of Appeals with respect to the factual basis of the plea claim, but affirmed the remand for a hearing on the assistance of counsel claim. 413 Mich 915 (1982). On remand, the trial court found that Nyberg had not been denied effective assistance of counsel. Nyberg appealed.
*Held:*

1. Since the facts in this case clearly support the defense of insanity and, in fact, contain not one hint that such a defense was unlikely to provide a complete defense, the failure of defense counsel to pursue that defense establishes that his performance was below that required of a lawyer with ordinary training and skill in the criminal law. But for defense counsel's failure to pursue the defense, it was reasonably likely that defendant would not have been convicted. Accordingly, defendant was denied effective assistance of counsel.

2. The fact that defendant pled guilty is not relevant, since the record establishes that defense counsel failed to inform defendant of the reasonable likelihood of successfully interposing the valid and complete defense of insanity if the matter had gone to trial.

Reversed and remanded.

1. CRIMINAL LAW — ASSISTANCE OF COUNSEL — APPEAL.

An appellate court, in reviewing a claim of ineffective assistance of counsel in a criminal case, must determine whether defense counsel performed at least as well as a lawyer with ordinary training and skill in the criminal law and whether, but for the failure of defense counsel to perform in the required fashion, there was a reasonable likelihood that defendant would not have been convicted.

2. CRIMINAL LAW — ASSISTANCE OF COUNSEL — INSANITY.

The failure of counsel for a criminal defendant to pursue a defense of insanity constitutes ineffective assistance of counsel where there is no hint in the trial court record that such a defense was unlikely to provide a complete defense to the charges.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *O. Paul Schendel,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

State Appellate Defender (by *P. E. Bennett),* for defendant on appeal.

Before: R. M. MAHER, P.J., and WAHLS and J. HATHAWAY,* JJ.

PER CURIAM. Defendant pled guilty but mentally ill, MCL 768.36; MSA 28.1059, to second-degree murder, MCL 750.317; MSA 28.549. The trial court sentenced defendant to life imprisonment. Defendant appeals as of right from the ruling of the trial judge, made following the evidentiary hearing required by this Court's prior order of remand, that he received effective assistance of counsel during the proceedings which led to his guilty plea.[1]

The facts, as stated in our earlier opinion, provide the foundation for defendant's claim:

"On February 11, 1977, defendant's father was found dead at his residence. Death had been caused by a shotgun wound.

"At the time of his father's death, defendant was a resident of the Traverse City State Hospital, where he was receiving treatment. Defendant had been placed in the hospital on January 2, 1977, after he had threatened to kill his father. On February 10, 1977, defendant walked off the hospital grounds and went to his father's home. Later that day, defendant drove his father's car back to the hospital. Defendant was arrested at the hospital on February 14, 1977.

"Defendant was committed to the Center for Forensic Psychiatry to determine if he was competent to stand trial. On March 10, 1977, Chief Examiner Richard I.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] In the opinion in the first appeal of this case, Docket No. 56013, decided February 8, 1982 [unreported], this Court:

a) Remanded with instructions that the prosecutor be allowed an opportunity to establish the sanity element in support of the guilty but mentally ill plea; and

b) Remanded with instructions that an evidentiary hearing be held on defendant's claim of ineffective assistance of counsel.

The Supreme Court reversed our ruling on the sufficiency of the factual bases for the plea. The Supreme Court affirmed the remand on the counsel issue. *People v Nyberg*, 413 Mich 915 (1982).

Sternberg issued a report finding defendant incompetent to stand trial. The report also found that defendant was actively psychotic at the time of the shooting. Defendant was committed to the Forensic Center, where he received treatment which resulted in a finding of competency on June 11, 1977.

"After being found competent to stand trial, defendant filed a notice of insanity defense, MCL 768.20a; MSA 28.1043(1). He was readmitted to the Forensic Center where he underwent evaluation by Forensic Psychiatrist Y. K. Lee. Dr. Lee determined that defendant was seriously mentally ill at the time of the murder and was unable to appreciate the wrongfulness of his conduct and from conforming his conduct to the requirements of the law. The prosecution had not filed a notice of rebuttal to defendant's insanity defense prior to defendant's guilty plea.

"On September 12, 1977, defendant pled guilty but mentally ill to second-degree murder. During the plea proceedings, defendant admitted that he killed his father but stated that he was 'crazy' at the time and did not know what he was doing. The court accepted defendant's plea and sentenced him to life imprisonment."

In addition to the facts above, the evidentiary hearing in the trial court established a conflict between the defendant and defense counsel on the origin of the decision to plead guilty but mentally ill. Defendant testified that he was denied effective assistance of counsel because his attorney allowed him to plead guilty even though the prosecution had failed to rebut his insanity defense. Defendant testified that defense counsel failed to inform him of the insanity defense, but rather told him that it would be best not to put the county through the trouble of a jury trial. Defendant stated that during the 15-minute discussion with defense counsel on the plea he was on psychotropic medication. He recalled that defense counsel told him that he would probably be incarcerated.

Defense counsel was 77 years old at the time of

the hearing. He testified that prior to his appointment he had practiced more in civil matters than criminal. Defense counsel stated that defendant "tied my hands" by stating that he wanted to plead guilty and did not want a trial. Defense counsel testified that he intended to use the insanity defense at trial.

The opinion of the trial judge, quoted in part below, found that defendant received effective assistance of counsel:

"As to the question of effective assistance of counsel, the facts indicate that the prosecuting attorney could have proven a case of first degree murder. The defendant admitted to witnesses in court that he intended to kill his father, that he went and got a shotgun and waited for his father to come home, and when he came home he shot him and killed him. It is obvious the prosecuting attorney would have probably been able to prove first degree murder, mandatory incarceration under the statute.

"Defense counsel, through an agreement with the prosecuting attorney, had the matter reduced to a charge of second degree murder, which was no doubt a benefit to the defendant because second degree murder does not have a mandatory sentence of life imprisonment. The plea that was negotiated, which was probably a lesser plea than the prosecuting attorney could have convicted the defendant of, also had the agreement that it should be accepted subject to the condition of being mentally ill. Certainly that plea represents a reduction in charge and some consideration by defense counsel of the possible consequences of conviction to first degree murder, and the defendant received the benefit of the defense counsel's wisdom and expertise in getting the charge reduced.

"Whether or not the defendant would have been successful in his defense of not guilty by reason of insanity is a question of fact to be reckoned with by the jury in trying the case. There are letters from psychiatrists who state that they believe the defendant may

have been insane at the time of the act. These letters are not binding upon the trier of the fact, and the court knows from experience that psychiatrists can be produced at time of trial to testify relative to sanity and insanity merely upon the whim of the psychiatrist. To presume that the defendant automatically would have been acquitted of the crime had he been charged with first degree murder, merely because of the opinions of psychiatrists not under cross-examination, is a conjecture the court cannot draw.

"Based upon the facts and circumstances of the case, the court feels the defendant was not denied the effective assistance of counsel from the proofs before the court, and the court finds that the defendant had effective assistance of counsel at the time the plea was entered * * *."

In reviewing a claim of ineffective assistance of counsel, this Court must inquire into two areas. First, we must determine whether defense counsel performed at least as well as a lawyer with ordinary training and skill in the criminal law. *Beasley v United States,* 491 F2d 687, 696 (CA 6, 1974).

Second, we must determine whether but for the alleged error there was a reasonable likelihood that defendant would not have been convicted. *People v Garcia,* 398 Mich 250, 266; 247 NW2d 547 (1976).

Defendant claims that his trial counsel's failure to pursue the insanity defense constituted a serious mistake sufficient to deprive him of effective assistance of counsel. We agree. The issue in not, as stated in the opinion of the trial judge, whether defendant "would have been successful in his defense of not guilty by reason of insanity", nor whether "the prosecuting attorney would have probably been able to prove first-degree murder". Rather, we must determine from the record whether the interposition of the defense of not guilty by reason of insanity stood a reasonable

chance of constituting "a valid and complete defense". *People v Snyder,* 108 Mich App 754, 757; 310 NW2d 868 (1981). There is not one hint in the record that such a defense was unlikely to provide a complete defense to the charges. The record is wholly in support of such a defense. While defense counsel filed notice of the insanity defense, we find that defense counsel's failure to pursue that defense renders his performance below that required of a lawyer with ordinary training and skill in the criminal law. See *People v Degraffenreid,* 19 Mich App 702, 712; 173 NW2d 317 (1969). It is not relevant on these facts whether defendant wanted to plead guilty or whether defense counsel initiated the idea; a lawyer does not render competent service when he refuses to adopt a course of action which would have better protected his defendant and which, before trial, was reasonably foreseeable as being the better course of action. *Beasley v United States, supra,* p 696.

We do not mean to say that a defendant may not make an unwise informed choice to plead guilty. However, in this case, the defendant was never informed that he had a reasonable likelihood of successfully interposing a valid and complete defense to the charge.

We find from the present record that defense counsel did not measure up to the *Garcia* standard. We find further that the trial judge erred in finding effective assistance of counsel.

Reversed and remanded for further proceedings.