PEOPLE v MOORE

Docket No. 95491. Submitted September 14, 1987, at Lansing. Decided
    November 2, 1987.

   Kendall L. Moore was convicted on his August 18, 1986, plea of
      nolo contendere of criminal sexual conduct in the first degree
      in Gratiot Circuit Court, Randy L. Tahvonen, J. Defendant
      appealed, raising as error the denial of his motion to suppress
      the use of certain statements he made to the police and
      ineffective assistance of trial counsel.

      The Court of Appeals *held:*

      1. The Supreme Court held in December, 1986, that a plea of
      nolo contendere waives all defenses which go to the state's
      ability to factually establish the crime. That holding should be
      given full retroactive effect. Accordingly, the plea waived the
      right to raise on appeal the question of the trial court's ruling
      with respect to the motion to suppress.

      2. Defendant's allegation of ineffective assistance of counsel is
      not properly raised on appeal, since defendant failed to estab-
      lish on the trial record the factual basis for his claim.

      Affirmed.

CRIMINAL LAW — APPEAL — PLEAS OF NOLO CONTENDERE — WAIVER
      — RETROACTIVE APPLICATION.

   The December, 1986, holding by the Michigan Supreme Court
      relative to what questions are waived by a plea of nolo conten-
      dere precludes raising on appeal from such a plea-based convic-
      tion the question of the trial court's refusal to suppress the
      admission at trial of any testimony concerning statements
      made by the defendant to the police; the Supreme Court's 1986
      holding should be given full retroactive application.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *John Keuvelaar,* Prose-
cuting Attorney, and *Jann Ryan Baugh,* Assistant
Attorney General, for the people.

REFERENCES
Am Jur 2d, Criminal Law §§ 492 *et seq.*
Plea of nolo contendere or non vult contendere. 89 ALR2d 540.

*Jerry M. Engle,* for defendant on appeal.

Before: M. J. Kelly, P.J., and Cynar and Docto-roff, JJ.

M. J. Kelly, P.J. Defendant appeals as of right his conviction for first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a). We affirm.

On January 23, 1986, after a plea agreement had been reached, defendant pled nolo contendere to first-degree criminal sexual conduct. Defendant had originally been bound over on the first-degree criminal sexual conduct charge in February, 1985, but subsequently did not appear and a bench warrant for his arrest was issued. Eventually he was picked up and brought back for trial. In exchange for the plea, an absconding charge was dismissed. Subsequently defendant's plea was accepted and on August 18, 1986, defendant was sentenced to ten to fifteen years imprisonment.

On appeal defendant challenges his conviction. Defendant's first argument is that the trial court committed clear error by concluding that defendant's confession was voluntary and by denying defendant's motion to suppress his statements.

The confession took place on December 17, 1984. On that date defendant was scheduled to take a polygraph examination conducted by the police. This examination took place after defendant had been charged and arraigned. Subsequent to the arraignment defendant was represented by retained counsel and his counsel had agreed to the polygraph examination. After the polygraph examination was completed, the examiner, a police officer, asked defendant why he was lying. Another police officer, who had attempted to interrogate defendant prior to his arraignment (until defen-

dant invoked his Fifth Amendment right to counsel), then began to interrogate defendant and a confession resulted. Defendant's attorney was not present during the interrogation. The trial court denied defendant's motion to suppress his statements, finding that they were "made freely, knowingly and voluntarily, with a full apprehension of the rights that were existent, present and available to him."

Defendant claims that he was deprived of both his Fifth and Sixth Amendment rights to counsel when he was interrogated by police without assistance of counsel. On this basis, defendant contends that the trial court erred in denying his motion to suppress the statements made by him on December 17, 1984; therefore, his conviction should be reversed.

Although the practice by the police in this instance is without justification and is not condoned by this Court, defendant's claim that the trial court erred in failing to suppress the statements given to the police was waived by his plea of nolo contendere. By pleading to the charge, defendant has made the issue of his factual guilt irrelevant, since his voluntary and intelligent plea conclusively resolved the issue of factual guilt in favor of the state. *People v New*, 427 Mich 482, 494; 398 NW2d 358 (1986).

In *People v New*, defendant New, who had pled no contest, claimed the trial court erred in failing to suppress statements made by him to the police. The Supreme Court concluded:

> Today, we hold that a defendant, after pleading guilty, may raise on appeal only those defenses and rights which would preclude the state from obtaining a valid conviction against the defendant. Such rights and defenses "reach beyond the fac-

tual determination of defendant's guilt and implicate the very *authority* of the state to bring a defendant to trial . . . ." [*People v White,* 411 Mich 366, 398; 308 NW2d 128 (1981)] (MOODY, J., concurring in part and dissenting in part). In such cases, the state has no legitimate interest in securing a conviction. On the other hand, where the defense or right asserted by defendant relates solely to the capacity of the state to prove defendant's factual guilt, it is subsumed by defendant's guilty plea. [*Id.* at 491.]

Defendant, by reply brief, has also argued that his case should be decided on the basis of case law existing at the time the plea was taken in August, 1986. *People v New, supra,* was decided in December, 1986. The basis for defendant's claim that *People v New* should not apply retroactively to this case is that any possibility of an interlocutory appeal of the 1985 hearing on the admissibility of his confession had passed and the only avenue left to him was this appeal.

As a general principle full retroactivity is the rule and prospectivity is the exception. *People v Caldwell,* 111 Mich App 174, 177; 314 NW2d 469 (1981). However, retroactive application may be limited. In order to determine whether retroactive application should be limited, the following three factors should be considered and balanced: (1) the purpose of the new rule; (2) the general reliance on the prior rule; and (3) the effect of retroactive application on the administration of justice. *People v Wilson,* 102 Mich App 626, 630; 302 NW2d 303 (1981), lv den 410 Mich 919 (1981).

In applying these factors to the rule announced in *People v New,* we find no justification for prospective application. The purpose of the rule appears to be to provide appellate courts with a clear statement of what rights are waived by a defen-

dant in pleading guilty or no contest. Defendant's reliance is not a factor here. It would be hard to imagine that at the time he waived his constitutional right to a trial, defendant actually relied on *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976), and its statement that illegally obtained evidence could be an example of a right not waived by a guilty plea. Here, defendant's argument is not so much that he relied on *Alvin Johnson,* but that the rule in *Alvin Johnson* should apply to him. Regardless, as stated in *People v New,* this statement from *Alvin Johnson* cited by defendant to support his claim is "not only a misreading of the previously cited federal authority, it also was not necessary to the decision of that case" and "is dictum." *People v New, supra* at 489-490. The third factor to consider focuses primarily on the impact of the new rule on prosecutorial and judicial resources. *People v Caldwell, supra* at 178-179. Here, retroactive application will not burden the courts by requiring new hearings or trials. Consequently after balancing these factors we see no reason not to give full retroactive application to the rule announced in *People v New.*

Defendant's final argument is that his plea of nolo contendere should be set aside because his trial counsel was ineffective. Defendant claims two instances of ineffective assistance of counsel. The first was when defense counsel waived the preliminary examination and the second was when defendant was exposed to an unnecessary interrogation after his polygraph examination.

Previous to the decision in *People v New,* panels of this Court held that a claim of ineffective assistance of counsel was not waived by a guilty plea. See *People v Snyder,* 108 Mich App 754, 755-756; 310 NW2d 868 (1981). However, at least insofar as

ineffective assistance of counsel claims relate only to the capacity of the state to prove defendant's factual guilt, *People v New* appears to hold that such claims are likewise "subsumed by defendant's guilty plea". 427 Mich 491.

For purposes of this decision, however, that question is not reached. Here, there is no record of defendant's claim of ineffective assistance of counsel at defendant's plea hearing.

> Where the record made in connection with a defendant's plea proceeding does not factually support his claim of ineffective assistance of counsel, it is incumbent upon the defendant to move to set aside the plea and to make a separate record factually supporting this claim. *People v Ginther,* 390 Mich 436, 443; 212 NW2d 922 (1973). Blythe having failed to provide record evidence for this claim, we have no basis for considering it. [*People v Blythe,* 417 Mich 430, 438; 339 NW2d 399 (1983).]

No *Ginther* hearing was requested in this case. Consistent with *Blythe,* defendant's having failed to provide record evidence for this claim, we have no basis for consideration.

Affirmed.